[No. 11371.   Department One. — September 18, 1886.]

## T. G. FLOURNOY, RESPONDENT, *v.* A. B. VAN CAMPEN, APPELLANT.

STATUTE OF FRAUDS — AGREEMENT TO PAY FOR PAST SERVICES. — An agreement to pay a physician for his past attendance on a third person, rendered at the request of the latter, and also for his services to be rendered such person in the future, is a promise to answer for the debt of another, so far as the past services are concerned, and must be in writing.

APPEAL from a judgment of the Superior Court of Merced County, and from an order refusing a new trial.

The action was brought by a physician to recover for medical services rendered to the mother of the defendant at the alleged special instance and request of the latter. On the trial, the plaintiff, after giving evidence showing that he was employed to render the services at the request of the mother, and pursuant to her employment had rendered part of the services sued for, testified against the objections of the defendant that the defendant had verbally promised to pay him both for his past and future services.   The further facts are stated in the opinion of the court.

*J. K. Law*, for Appellant.

The promise to pay for the services already rendered was within the statute of frauds.   (*Wakefield* v. *Greenhood*, 29 Cal. 597; *Vassault* v. *Edwards*, 43 Cal. 458; Civ. Code, sec. 1624; Code Civ. Proc., sec. 1973; *Luce* v. *Zeile*, 53 Cal. 54.)

*F. H. Farrar*, for Respondent.

Ross, J.—The complaint counts upon a contract alleged to have been made by defendant with plaintiff, for the rendition of the services of the latter, and is sufficient. But the plaintiff's own testimony shows that prior to any agreement with defendant he had been employed by defendant's mother to attend her professionally, and pursuant to that employment had commenced his treatment of her. His recovery in the court below against the defendant included compensation for services rendered by him as well before as after the contract with defendant, and is not susceptible, as the record is presented, of severance. Certainly the services rendered prior to the contract with defendant were rendered at the instance of defendant's mother, and for them she was bound to pay. That debt was her debt, and for it defendant could under the statute only bind himself in writing. It results that the judgment and order must be reversed, and the cause remanded for a new trial. So ordered.

McKinstry, J., and Myrick, J., concurred.