ASA W. DREW vs. ALVAH WISWALL & others.

Suffolk. March 5, 1903. — June 18, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Contract*, Performance and breach. *Frauds, Statute of. Evidence*, Extrinsic to vary writings.

If a grantor of land sells a lot according to a plan showing certain streets over his land adjoining the lot, and agrees that if the grantee will buy the lot and build a house on it he will have the proposed streets constructed, a failure to do so will make him liable in damages to the grantee who buys the lot and builds a house on it.

An oral agreement made by a grantor of land, to construct certain streets on his remaining land as shown on a plan if the grantee will buy a certain lot and build a house on it, is not a contract for the sale of land or of any interest in land, and, where there is nothing in its terms to show that it could not be performed within a year, is not within the statute of frauds.

An oral agreement made by a grantor of land, to construct certain streets on his remaining land as shown on a plan if the grantee will buy a certain lot and build a house on it, is a collateral contract which does not vary the deed to the grantee not containing such an agreement.

CONTRACT for breach of an alleged agreement of the defendants to construct certain streets upon land in Woburn adjacent to certain lots purchased by the plaintiff from the defendants. Writ dated July 1, 1898.

The answer contained a general denial and also set up the statute of frauds.

At the trial in the Superior Court *Richardson*, J., on motion of the defendants, ruled that upon all the evidence the plaintiff was not entitled to recover, and ordered a verdict for the defendants. The plaintiff alleged exceptions.

*A. P. Worthen & A. W. Drew*, for the plaintiff.

*S. H. Tyng*, (*J. Morrill* with him,) for the defendants.

BRALEY, J. The exceptions do not disclose the reasons, if any, that were given by the defendants at the trial to support their request for the ruling made; but at the argument they relied on two propositions only, which we consider in the order presented.

Under the declaration as finally amended, the plaintiff, in order to recover damages, must prove the purchase of, and pay-

ment for, the land, as well as the agreement by the defendants to construct the streets, and that while he had built a house on the estate conveyed, the defendants had failed to perform their contract. An examination of the evidence fully recited in the exceptions fails to show any substantial variance, as matter of law, between these allegations and the proof offered to sustain them.

Neither is the contention sound that the suit was prematurely brought. By the terms of the contract the parties clearly contemplated that as soon as the plaintiff built his house on the lots bought by him and which were the only lots in the whole tract to be so improved, the defendants would then build the streets designated in the undertaking. The plaintiff had fully performed on his part all that he was called upon to do, and therefore was entitled to performance on the part of the defendants at the date of the writ. *Nason* v. *Holt*, 114 Mass. 541, 542, note.

As there must be a new trial, we deem it proper to consider briefly the other questions involved in the case and to which reference was made in the argument of the plaintiff.

At the time the plaintiff took his title, he bought according to a plan that showed proposed streets running through the whole tract, and by two of which his estate was bounded. As between him and the defendants, who still retained title to all the remaining land, he had a right of way over and through that portion described as streets, at least to the extent of gaining access to the public ways. *Parker* v. *Smith*, 17 Mass. 413. *Fox* v. *Union Sugar Refinery*, 109 Mass. 292. Manifestly it would be for his advantage in the improvement of his property to have the contemplated ways on which his lots abutted, and the connecting street, constructed as soon as possible after he had built his house. If the defendants agreed with him to have these proposed streets wrought and fitted for travel and failed to perform their promise, it was a breach by them of their contract and the plaintiff would be entitled to damages. *Carr* v. *Dooley*, 119 Mass. 294. *Durkin* v. *Cobleigh*, 156 Mass. 108.

It is settled law that an easement of a right of way over the lands of another person can be created only by grant, or by prescription which is founded on the fiction of a lost grant. Yet the plaintiff's right to use the contemplated ways arose from the

implied covenant on the part of the defendants, his grantors, that such ways were in existence, and the defendants are estopped to deny the fact as against him. The agreement by which the defendants undertook to build certain of these streets if the plaintiff would buy the lots and build a house did not relate to or concern the sale of the interest of either in the land, whether treated as house lots or streets. And as there is nothing appearing by its terms to show that it could not have been fully performed within a year after it was made, the statute of frauds pleaded in the answer is no defence to the action. *Doyle* v. *Dixon*, 97 Mass. 208, 211. *Cole* v. *Hadley*, 162 Mass. 579, 581. *Rackemann* v. *Riverbank Improvement Co.* 167 Mass. 1, 5.

It is true that the plaintiff's title to the land comes by deed from the defendants, which is silent as to such an agreement. The rule that a contract in writing cannot be added to or varied by the introduction of oral stipulations or agreements, made before or contemporaneous with its execution, is not violated by holding that the contract proved by the plaintiff was not merged in the deed but was independent and separate, though the sale of the land and building the house furnished the consideration by which it is supported. *Durkin* v. *Cobleigh*, *Cole* v. *Hadley*, *Rackemann* v. *Riverbank Improvement Co.*, *ubi supra*. *Radigan* v. *Johnson*, 174 Mass. 68.

No sufficient legal reason appears why the plaintiff was not entitled to submit his case to a jury for its determination under proper instructions, and the ruling that he could not maintain his action was wrong.

*Exceptions sustained.*