[Civ. No. 5078.  Second Appellate District, Division One.—January 26, 1928.]

HARRY A. HUNTOON, Respondent, v. E. A. POWELL, Appellant.

Joe Crail, Harold C. Morton and Claude A. Shutt for Appellant.

Brander W. Lee, Brander W. Lee, Jr., and Kenyon F. Lee for Respondent.

WOOD (W. J.), J., *pro tem.*—Plaintiff, a physician, commenced the action against E. A. Powell and Mrs. M. E. Powell, to recover the sum of $342.50, alleged to be due for services rendered to Mrs. M. E. Powell between July 13, 1921, and March 16, 1923.  The defendant Mrs. M. E. Powell died before the trial and the action was dismissed

as to her. The trial court found that the services were rendered at the special instance and request of Mrs. Powell, who was the mother of defendant E. A. Powell; that the entire bill amounted to $442.50; and that E. A. Powell paid $100 on account on September 15, 1921. E. A. Powell by oral promise agreed on September 1, 1921, to pay plaintiff for said services, most of which had been rendered before that date. After the trial plaintiff was permitted to file an amendment to the complaint in which it is alleged "that the defendant Mrs. M. E. Powell was at all times herein mentioned a poor person, and unable to maintain herself by work." The court found this allegation, which was denied by E. A. Powell, to be true.

It is the contention of plaintiff that section 206 of the Civil Code justifies the court in rendering judgment upon the oral promise of defendant since that section provides that the "promise of an adult child . . . is binding." Defendant contends that the proper interpretation to be given to section 206 is that it supplies the element of consideration where such a promise is otherwise valid by being in writing, citing subdivision 2 of section 1624, wherein it is provided that "a special promise to answer for the debt, default, or miscarriage of another" must be in writing. This question has already been passed upon by our supreme court in *Flournoy* v. *Van Campen,* 71 Cal. 14 [12 Pac. 257], a case in which the facts were almost exactly the same as in the case before us, the only difference being that defendant Powell paid the sum of $100 after making the oral promise. In that case the court said: "His recovery in the court below against the defendant included compensation for services rendered by him as well before as after the contract with defendant, and is not susceptible, as the record is presented, of severance. Certainly the services rendered prior to the contract with defendant were rendered at the instance of defendant's mother, and for them she was bound to pay. That debt was her debt, and for it defendant could under the statute only bind himself in writing." Section 206 was enacted in 1872 and has not been amended. The case of *Flournoy* v. *Van Campen, supra,* was decided fourteen years later. In accordance with that decision, the judgment in the instant case must be reversed.

Defendant maintains that, regardless of his contention that the promise must be in writing, plaintiff has not

proved sufficient facts to enable him to rely upon section 206. That section is as follows: "It is the duty of the father, the mother, and the children of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability. The promise of an adult child to pay for necessaries previously furnished to such parent is binding." There is no evidence in the record to sustain the finding that the mother of defendant was a poor person who was unable to maintain herself by work. Plaintiff contends that "the nonpayment of the bill for medical services by Mrs. Powell and the payment on account thereof by, and the promises of appellant to pay the bill, affords an inference that Mrs. Powell was unable to pay it, and being unable to pay it, the inference follows that she was without the means to do so." By drawing the most liberal inference from these facts it cannot be said that plaintiff has established that Mrs. Powell was a poor person unable to maintain herself by work.

The judgment is reversed.

Houser, Acting P. J., and York, J., concurred.