[S. F. No. 20522. In Bank. Oct. 13, 1961.]

POLLYANNA HOMES, INC., Plaintiff and Appellant, v. STANLEY P. BERNEY et al., Defendants and Respondents.

Maynard Garrison, Jr., and Wallace, Garrison, Norton & Ray for Plaintiff and Appellant.

Currie, Lebsack & Hannig, Gerald B. Ferrari and Currie, Lebsack, Hannig & Ferrari for Defendants and Respondents.

McCOMB, J.—Following a verdict in favor of plaintiff, a judgment notwithstanding the verdict and granting new trial was rendered in favor of defendants.[1] Plaintiff appeals from the whole of the judgment and all parts thereof.

*Facts:* Plaintiff and defendants entered into an oral contract consisting of two promises by defendants (1) to transfer title to certain real property to plaintiff and (2) to install offsite improvements adjacent to said property on or before July 15, 1957.

An escrow was opened. On March 15, 1957, it was closed, and the real property was deeded to plaintiff by defendants, defendants receiving from plaintiff through the escrow cash and notes in payment for the property. Defendants did not install the offsite improvements and complete them by July 15, 1957.

*Questions:* First. *Is the present action barred by the statute of frauds (Civ. Code, § 1624, subd. 4)?*[2]

*No.* The following rules are here applicable:

 (1) When a promise that is not within the statute of frauds is coupled with one that is, the entire contract is unenforceable unless the promises are held "divisible." (*Flournoy* v. *Van Campen,* 71 Cal. 14, 15 [12 P. 257]; 3 Williston, Contracts (3d ed. 1960) § 532; 2 Corbin, Contracts (1950) § 315, p. 134.)

 (2) When all promises that would be invalid because of the statute of frauds have been performed, leaving for performance only those that would be valid standing alone, these remaining promises may be enforced. (*Pearsall* v. *Henry,* 153 Cal. 314, 326 [95 P. 154, 159]; 3 Williston, Con-

---

[1] By said judgment the granting of a new trial was to be effective only in the manner set forth in section 629 of the Code of Civil Procedure where both a motion for judgment notwithstanding the verdict and a motion for a new trial have been granted.

[2] Section 1624, subd. 4, of the Civil Code reads in part: "The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged or by his agent: . . . 4. An agreement . . . for the sale of real property, or of an interest therein. . . ."

tracts (3d ed. 1960) § 532, p. 768; 2 Corbin, Contracts (1950) § 315, p. 134.)

■ (3) A contract to install offsite improvements is not a contract for the sale of land or an interest in land and is not within the statute of frauds. (*Byers* v. *Locke,* 93 Cal. 493, 495 [29 P. 119, 27 Am.St.Rep. 212]; *Jones* v. *Patrick,* 140 F. 403, 405; *Becker* v. *Lagerquist Bros., Inc.,* 55 Wn.2d 425 [348 P.2d 423, 429 [7, 8]].)

■ Applying the foregoing rules to the facts of the present case, since the promise for the sale of the land had been fully performed and the other promise, to install offsite improvements, was not within the statute of frauds and was divisible from the promise for the sale of the land, the statute of frauds did not bar plaintiff's cause of action.

Second. *Did the parol evidence rule preclude the receipt of extrinsic proof of an oral agreement to install offsite improvements adjacent to the real property sold by defendants to plaintiff?*

*No.* ■ Evidence of an oral promise to install offsite improvements may be given to show an inducement to buy a lot adjacent to such improvements, since such promise is an independent, collateral one which need not be included in the deed conveying the property. (*Becker* v. *Lagerquist Bros., Inc., supra,* at 428 [of 348 P.2d]; *Drew* v. *Wiswall,* 183 Mass. 554 [67 N.E. 666, 667]; *Roof* v. *Jerd,* 102 Vt. 129 [146 A. 250, 251, 68 A.L.R. 235]; *Jameson* v. *Kinmell Bay Land Co.,* 47 Times L.Rep. 593; *cf. Crawford* v. *Nastos,* 182 Cal.App.2d 659, 665 [2] [6 Cal.Rptr. 425]; *Keelan* v. *Belmont Co.,* 73 Cal.App.2d 6, 12 [4] [165 P.2d 930] [hearing denied by the Supreme Court]; *Mills* v. *Richmond Co., Inc.,* 56 Cal. App. 774, 775 [1] [206 P. 486] [hearing denied by the Supreme Court].)

■ Whether the parol evidence rule applies depends upon whether there was an "integration" (*Estate of Gaines,* 15 Cal.2d 255, 265 [100 P.2d 1055]) or "a complete expression of the agreement of the parties . . ." (*Thoroman* v. *David,* 199 Cal. 386, 390 [3] [249 P. 513]; *United Iron Works* v. *Outer H. etc. Co.,* 168 Cal. 81, 84 et seq. [141 P. 917]; *Germain Fruit Co.* v. *J. K. Armsby Co.,* 153 Cal. 585, 594 [96 P. 319]; *cf.* Witkin, California Evidence (1958) § 359, p. 400).

■ Generally, finality may be determined from the writing itself. If on its face the writing purports to be a complete

and final expression of the agreement, parol evidence is excluded. (*Thoroman v. David, supra,* p. 390 [3]; *El Zarape etc. Factory, Inc.* v. *Plant Food Corp.,* 90 Cal.App.2d 336, 344 [2] [203 P.2d 13]; *cf.* Witkin, California Evidence (1958) § 361, p. 402.)

The record discloses that the only writings between the parties were the escrow instructions relative to the deeding of the real property to plaintiff. These writings were directed to the mechanics of exchanging the various deeds for the purchase price of the property.

Defendants contend that the parties met at the title company's office and drew up a formal proposal from which letters of escrow instructions were drafted, and that such letters constitute the integrated agreement of the parties.

These letters of instruction are separate documents, neither of which refers to the other, and they are inconsistent in some respects.

For instance, a promissory note given in partial payment for the property is listed in plaintiff's instructions as being in the sum of $12,500. According to the figures given in the instructions of defendant San Carlos Estates, it anticipated that this note would be in the amount of $12,150.

Further, defendant San Carlos Estates' instructions refer to "the sum of $54,050.00 covering improvement assessment against the property. . . ." Plaintiff's instructions do not refer to these assessments.

There is nothing in the letters that would suggest an intention by the parties to regard them as an integration. There is no suggestion of mutual assent to the separate and inconsistent letters as a final statement of the agreement. (See Rest., Contracts (1932) § 228, com. a, p. 308.)

Proof of the contract by parol was proper and was not excluded by the parol evidence rule.

In view of our conclusions, it is unnecessary to discuss other arguments presented by counsel.

The judgment notwithstanding the verdict and granting new trial is reversed, and the case is remanded to the trial court with directions to enter a judgment for plaintiff on the verdict.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., White, J., and Dooling, J., concurred.

Respondents' petition for a rehearing was denied November 8, 1961.