## Dudek v. Bigley

*Thomas A. Shumaker, of Shumaker, Shumaker & Piccione,* for plaintiffs.
*Robert M. White* and *John W. Hodge,* for defendants.

HENDERSON, *P. J.,* December 6, 1977 — Plaintiffs reside on Lapin Lane Extension and Maureen Lane in Pulaski Township. Their properties are part of the Bigley Plan of Lots which was developed by defendants. Plaintiffs all purchased their land from defendants within the past seven years and built new homes thereon.

Unfortunately, these homes lack some of the conveniences they expected. The mail is not delivered to their houses. No school bus travels these roads to pick up their children. When much snow is on the ground, these roads are not opened by the township for travel. During the balance of the year, these roads are extremely rough and uneven.

Plaintiffs' problems, which they seek to remedy by this action in equity for specific performance, stem from the fact that the roads on which they live have never been paved by the developer or ordained by the township, whose subdivision ordinance requires that all streets and roads be paved to certain standards. They claim that John Bigley, Jr., told them prior to their purchases that he would pave the roads. They are attempting to enforce the township subdivision regulations by re-

quiring defendants to pave the roads in the Bigley Plan of Lots to meet the standards for roads required therein . . .

## DISCUSSION

Plaintiffs base this action both on the oral representations allegedly made by John Bigley, Jr. and the township subdivision regulations. We need not consider the problem of the standing of plaintiffs to enforce the township regulations since we find that defendants are obligated to pave the roads under the oral representations made prior to plaintiffs' purchases of the lots.

Defendants argue that even if they made oral promises to pave the roads, plaintiffs cannot enforce these promises because they violate the Statute of Frauds, the parol evidence rule and are not supported by consideration. None of these arguments has any merit in this case.

The pertinent Statute of Frauds is the Act of March 21, 1772, 1 Sm. L. 389, 33 P. S. § 1, which states, in part:

" . . . all leases, estates, interests of freehold or term of years, or any uncertain interest of, in, or out of any . . . lands, tenements or hereditaments, made . . . by parol, and not put in writing, and signed by the parties so making or creating the same . . . shall have the force and effect of leases or estates at will only, and shall not, either in law or equity, be deemed or taken to have any other or greater force or effect . . ."

The applicability of the Statute of Frauds in this case depends on whether an agreement to pave roads is an agreement concerning an interest in land.

Plaintiffs obtained an easement in the roads shown on the recorded Bigley Plan when they purchased their lots: Vogel v. Haas, 456 Pa. 585, 322 A. 2d 107 (1974); Brodt v. Brown, 404 Pa. 391, 172 A. 2d 152 (1961). The promise to pave these roads is collateral to the acquisition of this easement. An agreement to pave is merely an agreement for work and labor and, of itself, creates no new privilege in the use of the land. An agreement to pave a street is not a conveyance of an interest in land, so this action is not barred by the Statute of Frauds: Pollyanna Homes, Inc. v. Berney, 16 Cal. Rep. 345, 365 P. 2d 401 (1961); Becker v. Lagerquist Brothers, Inc., 55 Wash. 2d 425, 348 P. 2d 423 (1960); Drew v. Wiswall, 183 Mass. 554, 67 N. E. 666 (1903).

Defendants also urge in their brief that plaintiffs are precluded from introducing extrinsic evidence of any oral agreement to pave the roads by reason of the parol evidence rule.

Plaintiffs are correct in pointing out that this objection was not made at the evidentiary hearing. At that time, defendants' counsel only objected to testimony relating to oral declarations as not being admissible under the Statute of Frauds. The parol evidence rule first surfaced in defendants' brief on points of law submitted after the record was closed. Plaintiff urges that this defense should not be considered, since the time to raise new objections has passed.

But even if this objection is considered, the result is not changed, since the parol evidence rule is inapplicable to the facts before us. Under this rule, when two parties have made an agreement and have expressed it in a writing which was meant to be the complete and accurate integration of that

agreement, evidence of antecedent understandings will not be admitted to vary or contradict the writing. Defendants claim that the deeds conveying the land in the Bigley Plan to plaintiffs contain all the terms of any agreements made between plaintiffs and defendants.

We find that the oral promises to pave the roads are independent and collateral to the deeds themselves and, therefore, may be shown without violating the parol evidence rule: Pollyanna Homes, Inc., supra; Lagerquist Brothers, Inc., supra; Roof v. Jerd, 102 Vt. 129, 146 Atl. 250 (1929); Drew v. Wiswall, supra. The oral promises were made by defendant to induce plaintiffs to purchase the lots, but the silence of the deeds on the issue of road paving does not preclude evidence of these promises. Such promises do not contradict, alter or vary the terms of the deeds. Even if the promises are considered partial consideration for the purchases, parol evidence is admissible to contradict the amount of consideration stated in a deed: Scientific Living, Inc. v. Hohensee, 440 Pa. 280, 288, 270 A.2d 216, 220-21 (1970).

The paving of the roads of the Bigley Plan is a matter which was not dealt with at all in the deeds. Any agreement on this would not automatically be merged into the deeds, since street paving is not an issue which is normally covered in individual deeds.

Defendants' objection based on lack of consideration has merit as to any assurances made subsequent to the purchase of the lots by plaintiffs, but it is obviously inapplicable to the promises made by John Bigley, Jr. prior to the purchases. The latter were made as an inducement to plaintiffs to buy defendants' property and fit well within

the scope of bargained-for consideration. Even if traditional consideration could not be found, testimony exists which would indicate that the Dudeks and Sallmens relied upon defendants' promises when deciding which way to front their homes and where to place their driveways.

The Statute of Frauds and the parol evidence rule both have as their raison d'etre the prevention of fraud and perjury. Since they do not control this case, the duty of weighing credibility is left to the court.

John Bigley, Jr.'s testimony relative to any promises was only that he did not recall any conversations relating to the condition of the roads with any of plaintiffs during negotiations prior to the sales. Plaintiffs' assertions that they questioned the Bigleys' about the future of these roads seem more plausible under these facts.

Plaintiffs' testimony is supported by more than its innate believability. The minutes of the November 16, 1972, meeting of the Pulaski Township Board of Supervisors indicate that after the supervisors told defendants that the township would not help them complete the roads, Mr. Bigley "decided to do it himself." Significantly, the Bigleys raised the price of an acre in the plan from $1,500 to $2,300 in the three-month period from October 1972 to January 1973. It is evident that most of this sudden drastic increase was due to the supervisors' refusal to aid in the road construction. Certainly this $800 increase in just a three-month period would require some explanation to the Dudeks. It is highly unlikely that the Dudeks would be satisfied with a mere statement that expenses and materials were going up. A reasonable buyer, which we assume the Dudeks were, would

demand more specificity on what they were getting for their money. The Dudeks' testimony that defendants admitted the increase was due to the discovery that defendants would have to pave the roads themselves is much more credible.

For all these reasons, we conclude that defendants did make oral promises to pave Lapin Lane Extension and Maureen Lane to plaintiffs prior to plaintiffs' purchases, and that these promises are enforceable in equity.

A final issue which must be resolved, since we have found a duty in defendants to pave the roads, is what type of paving is required. The answer is obvious. Although Donald Berresford was the only plaintiff who testified that John Bigley, Jr., promised to bring the roads up to the standards required for them to be ordained by the township, the idea of having the roads taken over by the township is implicit in all the promises. The minimum standards required for streets of subdivisions approved by Pulaski Township are set forth in article IV, section 3, of the township subdivision regulations. These minimum standards should be followed by defendants in paving Lapin Lane Extension and Maureen Lane.

## CONCLUSIONS OF LAW

1. Equity has jurisdiction over the parties and subject matter of this case.

2. Defendants made oral promises to plaintiffs prior to their purchase of property in the Bigley Plan that defendants would pave Lapin Lane Extension and Maureen Lane.

3. Said promises are supported by consideration.

4. Said promises are not barred from enforcement by the Statute of Frauds.

5. The parol evidence rule does not bar testimony of said promises.

6. Plaintiffs are entitled to specific performance of said promises of defendants.

7. In order to perform said promises, defendants are required to pave Lapin Lane Extension and Maureen Lane in conformity with Pulaski Township Subdivision Regulations, art. IV, sec. 3, so that said roads would be in a condition suitable for the township to accept the offer of dedication of said roads.

## DECREE NISI

Now, December 6, 1977, it is hereby decreed that defendants complete the construction and surfacing of Lapin Lane Extension and Maureen Lane as the same appear in the Bigley Plan of Lots recorded in the Recorder's Office of Lawrence County, Pa., in Plot Book 14, at page 34, in such a fashion as to fully comply with all of the requirements of Pulaski Township, Lawrence County, Pa., for purposes of ordaining such streets and roads. It is further decreed that defendants complete such construction and surfacing within 60 days from the date hereof.

It is further ordered that this decree shall become the final order in this case unless exceptions are filed thereto within 30 days from this date.