467 A.2d 891

Blaine ATKINS and Jean Eresh Atkins, His Wife, James Balog, Jr. and Regina L. Balog, His Wife, Nicholas G. Gomarac and Pauline A. Gomarac, His Wife, John F. Gorman, Jr. and Bridget E. Gorman, His Wife, Glenn F. Jackel, Jr. and Alice J. Jackel, His Wife, Donald A. Kushner and Marilyn E. Kushner, His Wife, Richard V. Landers and Dawn Landers, His Wife, James Miller and Jean Miller, His Wife, Ronald R. Mink and Sandra M. Mink, His Wife, Richard A. Monk and Rose Marie Monk, His Wife, Robert P. Rodgers and M. Goldie Rodgers, His Wife, Shuster's Builders Supplies, Inc., James T. Stafford and Phyllis J. Stafford, His Wife, Andrew Zurovcik and Patricia Zurovcik, His Wife, John R. Bacco and Patricia A. Bacco, His Wife,

v.

A.R. PORE, a/k/a Ray Pore and Mildred L. Pore, His Wife, Eugene Pore and Violet L. Pore, His Wife, Campfield and Bourke, A Partnership.

Appeal of A.R. PORE, a/k/a Ray Pore and Mildred L. Pore, His Wife.

Superior Court of Pennsylvania.

Argued June 9, 1983.

Filed Nov. 10, 1983.

Petition for Allowance of Appeal Denied April 4, 1984.

58

Dennis J. Gounley, Greensburg, for appellants.

Joseph F. Cassarino, Greensburg, for appellees.

Before CERCONE, President Judge, and SPAETH and HESTER, JJ.

HESTER, Judge:

The plaintiffs-appellees in this equity action are home-owners in the Mil-Ray Acres Plan in Sewickley Township, Westmoreland County. They consist of fourteen (14) families, thirteen (13) of whom purchased lots directly from the defendants-appellants A.R. Pore and his wife Mildred. Also

named as defendants, as agents for the Pores, were their son and daughter-in-law Eugene and Violet Pore, together with the real estate brokerage firm of Campfield and Bourke. Violet Pore's motion for summary judgment was granted as was Campfield and Bourke's motion for a judgment on the pleadings.

This equity action for specific performance was instituted by the appellees in an effort to have the two streets in their plan, Oak Creek Drive and Circle Drive, constructed to conform to the street and road specifications of said township. Appellees allege that appellants promised to improve said streets in order to induce appellees to purchase the lots in appellants' plan. Further, appellees asserted at trial that appellants had promised to maintain said streets until such time as their maintenance was assumed by the township.

The testimony established that the streets at the time of trial were in a virtual impassable condition. Numerous potholes, deep ruts and projecting piles of material were found to not only be existing at the time of trial but to have existed since 1973, the time some appellees had purchased their lots. Testimony was provided which demonstrated that emergency vehicles at times could not travel these streets due to their condition. Moreover, these roads had become so hazardous that the Postal Service had discontinued mail delivery to the appellees' homes in 1979. Further, appellees presented expert testimony which indicated that the conditions of the streets did not in any manner meet the township's street and road specifications. It is also to be noted that the Court on the first day of trial viewed the streets in question.

Upon this evidence, the court, after making appropriate *findings of fact* and *conclusions of law*, issued the following Decree Nisi:

AND NOW, this 19th day of March, 1981, it is hereby ordered that the Defendants A.R. Pore and Mildred L. Pore complete the construction and surfacing of all roads and culverts in the Mil-Ray plan of lots in Sewickley Township, Westmoreland County, Pennsylvania, in such a fashion as to fully comply with the Sewickley Township

street and road specifications. It is further decreed that the Defendants complete such construction and surfacing within one hundred twenty (120) days from the date hereof. This decree shall become a final order unless exceptions are filed within twenty (20) days from this date."

Subsequently, appellants filed timely exceptions which were denied. It is from the denial of these exceptions that the appellants have filed this appeal.

Appellants raise two issues on appeal. These are: 1) whether the lower court erred in admitting into evidence oral testimony regarding promises made by the seller of lots (appellants) in a plan to the effect that the roads to be constructed in the plan would be constructed in accordance with township specifications; and 2) whether there was sufficient evidence to find that the selling of the appellants' lots in the plan were induced by the promises of the appellants that the roads constructed in the plan would be constructed pursuant to the township specifications.

■ The appellants first contention concerns whether the Statute of Frauds bars the introduction into evidence of the oral agreement between many of the appellees and the appellants providing for the construction of the streets in the plan in accordance with township specifications. We find the reasoning employed by the court in *Dudek v. Bigley,* 4 Pa.D. & C.3d 92, 95 (1977), and the appellate authority cited therein to be persuasive regarding the resolution of this issue:

"The promise to pave these roads is collateral to the acquisition of this easement. An agreement to pave is merely an agreement for work and labor and, of itself, creates no new privilege in the use of the land. An agreement to pave a street is not a conveyance of an interest in land, so this action is not barred by the Statute of Frauds". *Pollyanna Homes, Inc. v. Berney* [56 Cal.2d 676], 16 Cal.Rep. 345, 365 P.2d 401 (1961); *Becker v. Lagerquist Brothers, Inc.,* 55 Wash.2d 425, 348 P.2d 423 (1960); *Drew v. Wiswall,* 183 Mass. 554, 67 N.E. 666 (1903).

■ Regarding appellant's next allegation of error, we believe the lower court has correctly resolved this issue in stating:

"The defendants' contention that the Statute of Frauds under the Uniform Commercial Code is applicable also lacks merit. The alleged promise was for the construction of a road or street; not as the defendant suggests for the sale and delivery of paving material. The Uniform Commercial Code deals only with the sale of goods. 12A P.S. Section 2–105."

■ Appellants next assert that the parol evidence rule should have precluded the introduction into evidence of testimony regarding appellants' promises to the appellees concerning the constructing of the roads in their plan to conform to township specifications. Again, we believe the reasoning expressed in *Dudek v. Bigley,* 4 Pa.D. & C.3d 92, 96 (1977), to be persuasive regarding the proper resolution of this issue:

"We find that the oral promises to pave the roads are independent and collateral to the deeds themselves and, therefore, may be shown without violating the parol evidence rule: *Pollyana Homes, Inc., supra; Lagerquist Brothers, Inc., supra; Roof v. Jerd,* 102 Vt. 129, 146 Atl. 250 (1929); *Drew v. Wiswall, supra.* The oral promises were made by defendant to induce plaintiffs to purchase the lots, but the silence of the deeds on the issue of road paving does not preclude evidence of these promises. Such promises do not contradict, alter or vary the terms of the deeds."

Also, as noted by the lower court, this conclusion is bolstered by the fact that appellants entered into a written agreement with four appellees concerning the nature of the roads to be constructed in the plan even though their deeds and agreements of sale were similar to those entered into with the other appellees.

■ Appellants' final contention concerns whether appellees proved by a preponderance of the evidence that appel-

lants promised to provide streets in conformance with township specifications. The testimony, viewed in the light most favorable to appellees clearly establishes that appellees more than met their burden of proof.[1] Appellees first presented a number of witnesses who testified either that appellants had promised, in contemplation by appellees of purchasing lots in appellants' plan, that appellants would construct the streets in their plan to township specifications or that the streets would be accepted by the township within two years. Also, substantial testimony was presented by appellees' concerning promises made to them by appellants to the effect that appellants would maintain the streets in the plan until they were accepted by the township.

Therefore, we conclude that the evidence offered by the appellees was more than sufficient to meet their burden of proof.

Order affirmed.

---

1. In considering this issue, we agree with the lower court that it was error and violative of the parol evidence rule to permit Atkins and Zurovcik to testify to any oral understanding which they had above and beyond their written agreement of December 12, 1973 with the appellants. Thus, we, like the court below, have not considered this testimony in our adjudication of this issue.