**Keys v. Reaver**

*Ronald J. Hagarman,* for plaintiff.
*Michael A. George,* for defendant.

SPICER, *P.J.*, April 9, 1986—Defendant has filed for judgment on the pleadings in an action to recoup costs of seeding a 25-acre field. The complaint alleges the parties orally agreed to an arrangement whereby defendant could farm the tract for one season in return for his promise to sow a cover crop. Plaintiffs allege that defendant planted and harvested a crop but neglected to sow the grass as promised. They seek, among other things, the value of tilling, fertilizer and seed. Fertilizer and seed costs are itemized at $1,744.50.

Defendant argues that the Statute of Frauds contained in the Uniform Commercial Code precludes recovery. His analysis is that this action is for the price of goods and barred by that statute.

The statute provides in part:

"(a) General rule.—Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insuffi-

cient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this subsection beyond the quantity of goods shown in such writing.

. . .

"(c) Enforceability of contracts not satisfying general requirements.—A contract which does not satisfy the requirements of subsection (a) but which is valid in other respects is enforceable:

. . .

"(3) With respect to goods for which payment has been made and accepted or which have been received and accepted (section 2606)." 13 Pa.C.S. §2201(a), (c)(3).

Defendant's contention fails for two reasons. First, even assuming arguendo that this case involves a sale of goods, defendant has been paid. He has received the benefit of the bargain, namely the right to use the land and harvest the crop. Second, this case does not mainly involve a sale of goods but a lease of land. If the predominate theme of the contract is something other than the sale of goods, the contract is not covered by the code. Atkins v. Pore, 321 Pa. Super. 57, 467 A.2d 891 (1983); Dudek v. Bigley, 4 D.&C.3d 92 (1977) (road paving).

This court has pointed out that the theme of contracts may be other than sale of goods despite over one half of the contract price being allocable to the price of goods. Angell v. Tubies, 25 Adams Co. L.J. 114, 36 D.&C.3d 41 (1983).

The attached order is entered.


ORDER OF COURT

And now, this April 9, 1986, the motion for judgment on the pleadings is denied.