626 So.2d 234 (1993)
BIRD LAKES DEVELOPMENT CORP., Appellant/Cross-Appellee,
v.
Homero MERUELO, Appellee/Cross-Appellant, and
Gesyl Development Corp., and Tony Campo, Appellees.
No. 91-534.
District Court of Appeal of Florida, Third District.
June 22, 1993.
Rehearing Denied October 5, 1993.
*235 Holland & Knight and Daniel S. Pearson and Amy D. Ronner, Miami, for appellant/cross-appellee.
Fitzgerald, Portela & Portuondo and Joseph Portuondo, Fine Jacobson Schwartz Nash Block & England and Arthur J. England, Jr. and Charles M. Auslander and Mark S. Shapiro, Miami, for appellee/cross-appellant Meruelo.
Warren Jacobs, James C. Blecke, Miami, for appellee Gesyl Development Corp.
Jorge L. Fors and Gonzalo Perez, Jr., Coral Gables, for appellee Campo.
Before HUBBART, FERGUSON and LEVY,[*] JJ.
FERGUSON, Judge.
These appeals are brought from judgments entered on a jury verdict against a seller in favor of two buyers of real estate, awarding compensatory and punitive damages and attorney's fees in an action for fraud, breach of an oral agreement, and breach of warranty. We affirm both judgments.
Bird Lakes, the appellant-seller, contends, among other things, that (1) the court should have granted its motion for directed verdict on a statute of frauds defense, (2) Meruelo's claim for lost profits should not have gone to the jury because it was not specially pleaded, (3) the court should have granted its motion for directed verdict on Gesyl's liability claim or at least on Gesyl's claim for punitive damages, (4) a second order discharging a lis pendens and expert testimony regarding the order were improperly excluded, and (5) the commission earned by a broker should have been the responsibility of Meruelo as buyer.
Two interrelated issues raised in the appeal from the judgment on the merits deserve a close examination: (1) whether Florida's statute of frauds bars the enforcement of an oral promise to provide sewers in connection with a land-sale contract, and (2) whether the parol evidence rule bars evidence of an alleged oral promise to provide sewers to site where the land-sale contract is silent on the subject.

Facts
Bird Lakes Development Corp., through a broker named Tony Campo, sold thirty-five acres of an undeveloped parcel of land to Meruelo. According to Meruelo, Bird Lakes' vice-president, Labrada, orally represented prior to, and contemporaneously with, the execution of a written land-sale contract, that the property had sewer lines to the site. Campo, the broker, testified that Labrada also informed him that the price for each tract within the parcel included a sewer line. Consistent with what he was told by Bird Lakes, Campo advised Meruelo that the property already had "fill to grade," "water and sewer to site" and that it was "ready to build." Campo also showed a brochure to *236 Meruelo which showed sewer to each tract within the parcel.
Based on the verbal representations and the sales materials, Meruelo signed a standard form contract to purchase the property. The contract, prepared by Campo, stated that the sale was conditional on obtaining rezoning, but was silent of the issue of sewers to site. Also written into the contract was a merger clause which provided that "no prior or present agreements or representations shall be binding upon any of the parties hereto unless incorporated in the contract." On learning that the property had no sewer to site, Meruelo sued Bird Lakes for specific performance and damages.

I
This part of the discussion assumes, without deciding, that the evidence of a collateral oral agreement regarding sewers to the site is not barred by the parole evidence rule. Otherwise, the statute of frauds issue would be moot.
Florida's statute of frauds, chapter 725, entitled unenforceable contracts, provides in pertinent part:
No action shall be brought ... upon any contract for the sale of lands, ... or of any uncertain interest in or concerning them, ... unless the agreement or promise upon which such action shall be brought or some note or memorandum thereof shall be in writing and signed by the party to be charged.
§ 725.01, Fla. Stat. (1991).
Bird Lakes asserts that Meruelo's claim is based on an alleged oral promise (to provide sewers) in connection with a contract for the sale of land, which is unenforceable as a matter of law, citing Canell v. Arcola Housing Corp., 65 So.2d 849 (Fla. 1953), as authority. Canell involved an oral promise made to buyers in conjunction with the sale of residential lots. The seller made an oral promise, in an attempt to induce the buyers to pay a higher price for the lots, that he would construct a bathing beach on a lake adjacent to or near the purchasers' properties, which would enhance the value of those properties. After the properties were sold, the seller refused to perform and the buyers filed an action, grounded in fraud, for money damages. The supreme court affirmed the trial court's dismissal of the buyers' complaint on the basis that the promise made by the seller was an oral promise to create an easement  an interest in land  therefore, enforcement of the oral promise was precluded by Florida's statute of frauds.
Meruelo contends that the instant case is not governed by Canell because a promise to provide sewers does not constitute an agreement to create an easement. His argument is supported by a body of law including numerous cases from jurisdictions outside Florida which hold that a developer's oral promise to land purchasers to build roads is not a conveyance of an interest in land which the statute of frauds renders unenforceable.
In Becker v. Lagerquist Bros., 55 Wash.2d 425, 348 P.2d 423 (1960), the court held that a promise to lot purchasers by a vendor, to pave streets, is not an agreement for the sale of an interest in land and, therefore, may be oral. The buyers in Lagerquist had received written earnest-money receipts which did not mention the paving of roads, but specifically provided that there were no agreements not contained in the receipt. Concluding that the buyers were entitled to specific performance of the oral agreement, the court wrote that "where a contract required to be in writing is in writing, an independent collateral agreement with reference to the same subject matter may be parol where the statute does not require it to be in writing." 348 P.2d at 426. Because the agreement to pave a street was found to be not one for the sale of an interest in land, it was held not within the statute of frauds. 348 P.2d at 430 (quoting 37 C.J.S. Statute of Frauds § 74, at 580 "a verbal agreement to make or pay for improvements on land is one for labor and materials or for payment therefore and is not within the operation of the statute.") Lagerquist also quotes Drew v. Wiswall, 67 N.E. 666 (Mass. 1903), which specifically held that an "agreement by which the defendants undertook to build certain of these streets if the plaintiff would buy the lots and build a house did not relate to or concern the sale of the *237 interest of either in the land, whether treated as house lots or streets."
The distinction between the Canell promise to build and maintain a bathing beach and the multitude of cases dealing with a developer's promise to construct a road is illuminated by a discussion in Atkins v. Pore, 321 Pa.Super. 57, 467 A.2d 891 (1983). In finding that a developer's promise to homeowners to construct streets was not an interest in land, the court wrote:
[A]n agreement to pave is merely an agreement for work and labor and, of itself, creates no new privilege in the use of the land. An agreement to pave a street is not a conveyance of an interest in land so this action is not barred by the Statute of Frauds.
Atkins, 467 A.2d at 893. Accord Dudek v. Bigley, 4 Pa. D. & C.3d 92 (1977); Overstreet v. Brookland, Inc., 52 N.C. App. 444, 279 S.E.2d 1 (1981); see generally Francis M. Dougherty, Annotation, Enforceability by Landowner of Subdivision Developer's Oral Promise to Construct or Improve Roads 41 A.L.R. 4th (1987) (all courts deciding the issue are apparently in agreement that a promise to construct roads, not being a contract for the sale of property, does not fall with in the statute of frauds).
Canell, relied upon by Bird Lakes, is distinguishable for the same reason. In Canell, the Florida supreme court held that a promise to construct and maintain a bathing beach was a promise to create an easement. The court assumed from the plaintiffs' allegations that the defendants promised to build a bathing beach "which would be maintained for the use and enjoyment of home owners in the subdivision, thereby contributing to the enjoyment of the homeowners and enhancing the value of their several properties. If this is what is to be inferred from the complaint, it is readily apparent that such an agreement would be, in effect, an agreement to create an easement in or over land." Canell, 65 So.2d at 850-851. A promise to provide sewers to site is more akin to a promise to build a road than a promise to build and maintain a beach in that it grants the homeowners no right or privilege in the land of the grantor. See George W. Thompson, 2 Thompson on Real Property § 115, at 2 (1980 Repl. ed.) (an easement is a "right, a privilege, a liberty or an advantage in land title to which is in another"). Here the oral promise to provide sewers to the site conveyed no property interest to Meruelo and thus this action is not barred by the statute of frauds. See J. Calamari & J. Perillo, Contracts § 19-14 (2d ed. 1977).

II
Under the parol evidence rule the terms of a valid written contract cannot be varied by a verbal agreement or other extrinsic evidence where the agreement was made before or at the time of the contract's execution. Spear v. MacDonald, 67 So.2d 630 (Fla. 1953). The parol evidence rule "serves as a shield to protect a valid, complete and unambiguous written instrument from any verbal assault that would contradict, add to, or subtract from it, or affect its construction." Sears v. James Talcott, Inc., 174 So.2d 776, 778 (Fla. 2d DCA 1965). The issue then is whether the oral agreement relied upon by Meruelo altered, varied, or contradicted the terms of the written contract.
All the cases dealing with the enforceability of a promise to pave roads hold that evidence of a parol agreement by the seller to make improvements is not to be excluded by the parol evidence rule. Dougherty, 41 A.L.R. supra at 574. The rationale is that promises to make repairs or to construct roads are collateral to, and independent of the contracts of sale, and therefore may be established by parol evidence. Dudek v. Bigley, 4 Pa. D. & C.3d 92 (1977); Pollyanna Homes, Inc. v. Berney, 56 Cal.2d 676, 16 Cal. Rptr. 345, 365 P.2d 401 (1961); Becker v. Lagerquist Bros., 55 Wash.2d 425, 348 P.2d 423 (1960); Roof v. Jerd, 102 Vt. 129, 146 A. 250 (1929); Drew v. Wiswall, 183 Mass. 554, 67 N.E. 666 (1903). In Atkins v. Pore, 321 Pa.Super. 57, 467 A.2d 891, 893 (1983), the court held:
[W]e find that the oral promises to pave roads are independent and collateral to the deeds themselves and, therefore, may be shown without violating the parol evidence rule. The oral promises were made by *238 defendant to induce plaintiffs to purchase the lots, but the silence of the deeds on the issue of road paving does not preclude evidence of these promises. Such promises do not contradict, alter or vary the terms of the deeds.
The final question is whether the merger clause in the agreement, stating that "no prior or present agreements or representations shall be binding upon any of the parties hereto unless incorporated in the contract", should preclude proof of the oral agreement. There are two schools of thought on the finality of language in a merger clause when the court is deciding whether a writing is a final or partial integration as a matter of law.
According to one line of authority, which appears to be a minority view, a writing that declares that it is the entire declaration (i.e., it contains a merger clause) conclusively establishes that the integration is total unless the document is obviously incomplete or the merger clause was included as a result of fraud or mistake. Mitchill v. Lath, 247 N.Y. 377, 160 N.E. 646 (1928) (citing 4 Williston Contracts, § 633-645). Another view is that whether a writing is a final and complete expression of an agreement can never be determined by the words of the contract alone. According to this prevailing view, the existence of an "integration" depends on the intention of the parties when they executed the contract; therefore, all the relevant evidence is admissible even in the face of a merger clause. Restatement (Second) of Contracts §§ 213-217 (1981); 3 Corbin on Contracts, § 575 (1960). Neither line of authority, however, would have excluded Meruelo's evidence of a collateral oral agreement in light of the jury finding that execution of the contract was induced by Bird Lakes' fraud.

III
On the remaining issues we note that there is competent and substantial evidence in support of the jury finding that Bird Lakes made a material misrepresentation to Gesyl, to whom the property was sold after Meruelo refused to perform according to his contract with Bird Lakes. The material misrepresentation was that no claims were being made against the property when in truth a claim to the property was being made in a pending litigation involving Meruelo. Whether a lis pendens had been discharged was not material. For that reason there is no showing that the trial court abused its discretion in excluding evidence of a lis pendens discharge. See Turner v. State, 530 So.2d 45 (Fla. 1988), cert. denied, 489 U.S. 1040, 109 S.Ct. 1175, 103 L.Ed.2d 237 (1989).
Lost profits are recoverable as general damages where they flow directly and immediately from the breach of a contract. Bird Lakes knew that Meruelo intended to develop the parcel and sell residential units. Restatement (Second) of Contracts § 351 (1981). Hadley v. Baxendale, 9 Exch. 341, 156 Eng.Rep. 145 (1854). It was not fatal to Meruelo's claim for lost profits that the damages were not pleaded specially.
The sales contract executed by Bird Lakes and Meruelo obligated the breaching party to pay the broker's commission. In light of the jury's findings that Bird Lakes breached the contract and that Meruelo did not, there is no basis for making payment of the commission the obligation of Meruelo.
Turning to Meruelo's cross-appeal, we conclude that the trial court was correct in refusing to grant specific performance, an equitable remedy, where Meruelo was adequately compensated for the breach by damages at law, including loss of bargain damages for all the sites that were the subject of the contract. See Blue Lakes Apts., Ltd. v. George Gowing, Inc., 464 So.2d 705 (Fla. 4th DCA 1985) (award of loss of bargain and compensatory damages, rather than specific performance, was proper where seller had conveyed purchaser's property to a third-party prior to trial).
Affirmed.
NOTES
[*] Judge Levy did not participate at oral argument.