RAMIREZ, J.
(dissenting).
I respectfully dissent. The panel has affirmed per curiam a trial court order granting exceptions to a report by the general master which “re-committed [the cause] to the General Master to be re-tried as to Damages,” a result which neither the appellant nor the appellee wants.
SRB Enterprises, Inc. filed suit for breach of contract against Lacers Sport, Inc. as a result of the failure by Lacers to fulfill its obligation to sell 19,640 “seconds” of knit shirts. SRB had agreed to buy the shirts for $.25 each. Two days later La-cers informed SRB that it had sold approximately 14,000 of those shirts and would only sell SRB the remaining shuts for $.50 each. SRB purchased the remaining 5,165 shirts at $.50, then sued Lacers for breach of contract, where it sought “compensatory damages, special damages, lost profits, interest, [and] court costs.”
The trial court referred the matter for trial before a general master who made findings of fact and conclusions of law. The trial court then granted the plaintiffs exceptions to the report of the general master based upon its disagreement with the master’s conclusions of law. There is nothing in the trial court’s order which takes exception with the findings of fact. The parties agreed at oral argument that there is no further evidence to be presented. Therefore, the trial court should have entered its own final judgment, rather than resubmitting this matter to the master. The trial court essentially reversed and remanded for a new trial, a procedure which, in my opinion, is not authorized under the rules governing referrals to a general master. See Fla. R. Civ. P. 1.490. To affirm the trial court’s resubmission of the case to the general master after all the facts have already been presented accomplishes nothing outside of guaranteeing that this litigation will continue.
Furthermore, I do not think that the master was wrong in its conclusions of law. The master properly decided that the plaintiff had not pled special damages with particularity, as required by Florida Rule of Civil Procedure 1.120(g). The master relied on Newberry Square Development Corp. v. Southern Landmark, Inc., 578 So.2d 750, 754 (Fla. 1st DCA 1991) (“Special damages should be pleaded with particularity sufficient to apprise the opposing party of the nature of the special damages claimed.”); Florida Power Corp. v. Zenith Industries Co., 377 So.2d 203, 205 (Fla. 2d DCA 1979) (“General damages are commonly defined as those damages which are the direct, natural, logical and necessary consequences of the injury.”); and Bialkowicz v. Pan Am. Condominium No. 8, Inc., 215 So.2d 767, 770 (Fla. 3d DCA 1968) (“If special damages are not specially plead [sic], then evidence of them is inadmissible.... Thus, our next inquiry is: Whether the damages plaintiffs were attempting to prove are special or general?”).
The general master then concluded that lost profits are considered special damages,[1] and distinguished Bird Lakes Dev. *382 Corp. v. Meruelo, 626 So.2d 234 (Fla. 3d DCA 1993), as a case that “dealt with the sale of real property, where the property is unique and a buyer cannot ‘cover.’ ”
In rejecting the report of the general master, the trial court found that the plaintiff had pled special damages and lost profits. The only mention of such damages is in the “wherefore” clause where the plaintiff demanded “compensatory damages, special damages, lost profits, interest, court costs and any other relief this court deems just and proper.” This finding overlooks the requirement of Rule 1.120(g) that special damages be pled with particularity.
Even though the trial court found that special damages had been pled, it stated that the defendant had notice of such claims because it had requested that they be stricken:
Had Defendant moved to dismiss or strike the prayer for relief in a timely manner Plaintiff would have been required to amend its claim for lost profit with particularity. Defendant, however, took no affirmative action to dismiss or to strike the prayer for relief based upon Fla. R. Civ. P. 1.120(g). By such time as the Defendant Filed its Motion in Limine on the day of trial, Defendant, by its inaction, had waived the opportunity to challenge the sufficiency of the Complaint. The General Master, by finding the Complaint legally insufficient post-trial, rewarded Defendant’s inaction.
The trial court cited no precedent to support this conclusion. The general master, on the other hand, cited Alderman v. Murphy, 486 So.2d 1334, 1339 (Fla. 4th DCA 1986), which, in the context of Rule 1.120(g), states that “mere lack of surprise will not permit admission of evidence of special damages not specially pleaded.”
The trial court, by its decision, and this Court, by its affirmance, place the burden of properly pleading a complaint on the defendant. This unique approach is adopted without citing a single authority.
Because the facts have already been established, rather than re-submitting the matter to the general master for re-trial, the trial court should simply award to plaintiff, as general damages, the additional $.25 per unit that it was compelled to pay to purchase the 5,165 shirts which Lacers had agreed to sell two days earlier at a lower price. Additionally, as it was established that Lacers was able to sell the other shirts to a third party for $.50, SRB should recover, as lost profits, $.25 per unit on the remaining shirts that Lacers had originally agreed to sell to SRB. Anything more would constitute special damages which the plaintiff is not entitled to because of insufficient pleadings.

. In support of this proposition, the master cited to Safeco Title Ins. Co. v. Reynolds, 452 *382 So.2d 45, 48 n. 5 (Fla. 2d DCA 1984); In re Corbin’s Estate, 391 So.2d 731, 733 (Fla. 3d DCA 1980); and Baring Industries, Inc. v. Rayglo, Inc., 303 So.2d 625, 627-28 (Fla.1974).