# Third District Court of Appeal
## State of Florida

Opinion filed August 4, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-131
Lower Tribunal Nos. 18-18458 SP, 20-110 AP
_____

**RM & Associates Consulting, Inc. a/a/o Carlos Sotes,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Michael G. Barket, Judge.

Font & Nelson, PLLC, and Jose P. Font and Jaime Martin (Fort Lauderdale), for appellant.

Zumpano Castro, LLC, and Antonio C. Castro, Sidney Needelman and Stephen R. Machin, for appellee.


Before EMAS, SCALES and LOBREE, JJ.

PER CURIAM.

Affirmed.  See Hurt v. Leatherby Ins. Co., 380 So. 2d 432, 433 (Fla. 1980) (observing: "As with contracts generally, the language used in the release is the best evidence of the parties' intent"); Munoz Hnos, S.A. v. Editorial Televisa Intern., S.A., 121 So. 3d 100, 103 (Fla. 3d DCA 2013) (observing: "Because a settlement agreement is contractual in nature, it is interpreted and governed by contract law").  See also Dirico v. Redland Estates, Inc., 154 So. 3d 355, 357 (Fla. 3d DCA 2014) (holding: "In the absence of some ambiguity, the intent of the parties to a written contract must be ascertained from the  words used in the contract, without resort to extrinsic evidence"; further observing that a "true ambiguity does not exist [in a contract] merely because [the] contract can possibly be interpreted in more than one manner" but "only when contractual language 'is susceptible to more than one reasonable interpretation'") (quotations omitted); Bird Lakes Dev. Corp. v. Meruelo, 626 So. 2d 234, 237 (Fla. 3d DCA 1993) (holding: "The parol evidence rule 'serves as a shield to protect a valid, complete and unambiguous written instrument from any verbal assault that would contradict, add to, or subtract from it, or affect its construction'") (quoting Sears v. James Talcott, Inc., 174 So. 2d 776, 778 (Fla. 2d DCA 1965)); Patco Transp., Inc. v. Estupinan, 917 So. 2d 922, 923 (Fla. 1st DCA 2005) (holding release signed by employee in settlement of negligence action

2

against his employer and others, releasing employer from "any and all past, present or future claims, demands, obligations, actions, causes of action, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on a tort, contract or other theory of recovery, which the Plaintiff now has, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of, or which are the subject of the Complaint. . ." released employer from employee's subsequent petition for worker's compensation benefits).