No. 14,642.

HOSEK MFG.-OVERLAND FOUNDRY COMPANY V. TEATS.

(110 P. [2d] 976)

Decided February 3, 1941. Rehearing denied February 24, 1941.

Mr. FRANK SEYDEL, for plaintiff in error.

Mr. BEN S. WENDELKEN, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE FRANCIS E. BOUCK delivered the opinion of the court.

REVERSAL is herein sought of a district court judgment for damages based upon a subcontractor's alleged violation of its contract to supply cast stone of given specifications to Teats, the principal contractor, plaintiff below and defendant in error here. Teats sued the subcontractor, the plaintiff in error Hosek Manufacturing-Overland Foundry Company. The latter denied the violation charged against it, affirmatively alleged its full compliance with the specifications, and then charged negligence of Teats himself to be the direct cause of defects or injuries found in the materials supplied. By cross complaint the company demanded the balance of the purchase price.

The alleged errors assigned by the company are: (1) Rejection of defendant's exhibit 5, purporting to be an arbitration award; (2) refusal to give the jury each of ten instructions tendered by the defendant; (3) giving the jury an instruction not to consider defendant's defense of arbitration; (4) refusing a new trial.

The subject matter relates to certain repairs and alterations made in a dormitory building of Colorado College at Colorado Springs. An appropriate contract had been entered into by Teats and the college. It called for a cast stone porch and arches. Teats had received and accepted in due course the bid of the defendant company for supplying the materials in question.

The assignments of error all focus upon the single proposition that exhibit 5, the so-called arbitration award, was a final determination of the respective rights and liabilities of Teats and the company.

The specifications underlying the contract between Teats and the college contained the following: "The General Conditions of the contract as prepared by the American Institute of Architects shall become a part of these specifications as fully as if herein written. A

copy of these General Conditions may be examined at the office of the Architect." These "general conditions" include provisions for arbitration. The trouble with the alleged arbitration in the case at bar is that the proceedings were between the company and the college, not between the company and Teats. The court cannot find from the record that Teats was a party to the arbitration proceedings. He was a witness, but that does not constitute him a party or subject him to liability under the decision of the arbitrator. Neither the "general conditions" nor the code chapter on arbitration could accomplish this result. It follows that exhibit 5 was properly refused when offered in evidence by the company.

The arbitration award being properly rejected, there remains nothing but a case of conflicting evidence. It was the province of the trial court to draw conclusions from that evidence, and under a familiar rule we as a reviewing court do not disturb those conclusions.

Judgment affirmed.