STURGIS, Justice.
Plaintiffs below appeal from an order finally dismissing the complaint for failure to state a cause of action.
The complaint charges, in substance, that plaintiffs are engaged in the business of selling bathroom, kitchen, and other similar appliances and fixtures at retail and wholesale and performing plumbing installation, plumbing services, and plumbing repair in Marion County, Florida, and adjoining counties; that plaintiffs and the defendant-appellee entered into an agreement whereby defendant installed a telephone in plaintiffs’ place of business and assigned a telephone number thereto; that in reliance on said agreement plaintiffs advertised and publicized the assigned telephone number by radio, newspaper and handbills, had business stationery printed, which included the telephone number, and also had prepared for purposes of advertising certain bail-point pens, pencils, and other advertising materials bearing plaintiffs’ corporate name and the telephone number so assigned to plaintiffs, and caused said telephone number to be painted on a motor vehicle used in plaintiffs’ business; that five months after said number was thus assigned to plaintiffs the defendant arbitrarily and without just cause withdrew said number and assigned a different number to plaintiffs’ telephone; that as a result of said breach they suffered damages to their business and incurred expenses in changing the number as advertised.
The telephone number assigned to and accepted by one who contracts for telephone services becomes a valuable business asset in the hands of the subscriber, to which he is entitled as a matter of contract, and he cannot be deprived thereof without just cause depending on the particular facts and' circumstances in each case. Suffice it to say that the act of the defendant in assigning to plaintiffs a telephone number that had already been assigned to another does not constitute just cause for the alleged breach of contract or a proper basis on which to avoid the damages, if any, suffered by plaintiffs.
In its contractual aspects the situation here is not unlike that where there is a mistake in the printing of a telephone directory, with the result that identical telephone numbers are shown for different subscribers. In Schwanke, Inc. v. Wisconsin Telephone Co., 199 Wis. 552, 227 N.W. 30, 68 A.L.R. 1320, the court said :
“When a telephone company contracts to furnish telephone service, it impliedly agrees to place the subscriber’s name and the telephone number in it's directory, when that directory is issued in due course of business. Its failure to do so constitutes a breach of contract, and it is plainly liable upon general principles for damages resulting from such breach.”
For the reasons stated, the judgment appealed must be and it is
Reversed.
CARROLL, DONALD K., C. J., and WIGGINTON, J., concur.