TILLMAN PEARSON, Judge.
The appellant, plaintiff below, appeals an order dismissing with prejudice his amended complaint at law in which he purported to state a cause of action against the Southern Bell Telephone and Telegraph Company, Plarry Lynn and Earle Johnson Plumbing, Inc., a corporation.
In his complaint, appellant alleges that he had a personal contract with the telephone Company whereby this Company furnished to him a telephone number and listings in the alphabetical and classified directories. He further alleges the use of these services, including an advertisement in the classified directory, for a period of years, during a part of which time he was associated with the defendant corporation, Earle Johnson Plumbing, Inc., but that during all of said time the listing of the phone was his personal affair. It is alleged that, there *37 after he severed his relations with Earle Johnson Plumbing, Inc., and demanded the transfer to his new business the existing number or that the Telephone Company discontinue the services as listed. The complaint also alleged that the Telephone Company acted, in conjunction with and under the provocation of the other defendants, wil-fully and maliciously in refusing to effect either the transfer or the discontinuance of the service. The complaint sets out that a part of the service furnished to him was an advertisement which carried his personal name and not that of the corporation, and pursuant to the refusal of the Telephone Company, he now is in a position of having his personal name listed and an advertisement published which directs business calls to his former associates and his present competitors. The complaint concludes with a claim for damages against the defendants.
The appellant contends that he had a property right in his telephone number. See Clayton Home Equipment Co. v. Florida Tel. Corp, Fla.App.1963, 152 So.2d 203. It is urged that all of the defendants should answer to him in damages for the alleged “conspiracy.” It is apparent from the defensive matter urged by the appellees that the plaintiff may have some difficulty in establishing a cause of action. Nevertheless, the question of whether the Telephone Company was justified in continuing the listing and advertisement for the benefit of the plaintiff's former corporation, is one that must be determined from the facts. It is established that under the law of this State, it is only necessary for the complaint to state facts sufficient to indicate that a cause of action exists and not to anticipate affirmative defenses. Livingston v. American Title & Ins. Co., Fla.App.1961, 133 So. 2d 483. In the instant case the plaintiff, appellant, has given the factual basis of his claim and it is apparent that if all of his allegations are taken as true, he has presented a situation which calls for a remedy. It is possible, as suggested by the appellees, this remedy may be in equity. If they conceive this to be their defense to this cause, they should move under Fla.R.Civ.P. 1.39, 30 F.S.A. for a transfer of the action to the chancery side.
We hold therefore, that the complaint as framed states a cause of action and the court acted prematurely in dismissing the complaint with prejudice.
Reversed.