SWANN, Judge.
These consolidated appeals involve the question of whether the plaintiff, George D. Cook, stated a cause of action against Underwriters National Assurance Company, an Indiana corporation, in two counts of his pleadings which the trial court dismissed, with prejudice.
Count Two sought specific performance from the insurance company of an alleged oral agreement to pay Cook commissions for insurance sales allegedly made prior to his being properly licensed as an agent under the laws of Florida. This is prohibited by law. Fla.Stat. § 626.-0312, F.S.A.
We, therefore, affirm the dismissal of Count Two, with prejudice.
In Count One of the amended complaint, Cook sought reformation of an alleged written agreement between himself and the insurance company so that it would conform with the alleged prior oral agreement between the parties concerning commissions due him for sale of insurance and alternatively sought damages for breach of the alleged written contract. This count was dismissed with prejudice because the alleged oral contract to pay insurance commissions was prior to the time Cook was licensed to sell insurance in Florida and such agreement is in violation of Fla.Stat. § 626.0312, F.S.A. We concur but hold that Count One should not have been dismissed in its entirety with prejudice.
That part of Count One seeking damages for the breach of the alleged written contract between the parties, though inart-fully drawn, sufficiently alleged a breach of a written agreement; or could be so amended to state a cause of action. 25 Fla.Jur. Pleadings § 55: Fla.R.Civ.P. 1.110 (g), 30 F.S.A.
This cause is, therefore, affirmed in part and reversed in part and remanded for further action consistent herewith.