273 So.2d 7 (1973)
Henry E. CONNELLY and Wife, Frances Connelly, et al., Appellants,
v.
Mr. and Mrs. Wyndell MERRITT, et al., Appellees.
No. R-302.
District Court of Appeal of Florida, First District.
February 13, 1973.
S. David Cox, of Barton & Cox, Gainesville, for appellants.
R.L. Henderson, Jr., of Dell, Graham, Wilcox, Barber, Rappenecker, Ryals & Henderson, Gainesville, and David A. West, of West, Doughtie & Feiber, Gainesville, for appellees.
JOHNSON, Judge.
In this appeal from the order of the Circuit Court of Alachua County, Florida, (Eighth Judicial Circuit), dismissing the second amended complaint with prejudice, as to all the defendants therein named, we find and so hold that said order was in part valid but in part in error. Our reasons are enumerated hereinbelow.
*8 In the amended complaint, inter alia, it is alleged that the defendants, Mr. and Mrs. Bertie and defendant Addison, in Counts I and II made fraudulent misrepresentations to the plaintiffs which induced the plaintiffs to purchase real estate lots from said defendants, said fraudulent representations being that the plaintiffs would always have access to Lake Newnan, and that these defendants, who at that time, owned the lakefront lot described in the complaint, would keep said lot to be "perpetually reserved and maintained by the defendants for the exclusive use of the plaintiffs and all of the other property owners who took title through the defendants". That the false representation induced, and in fact, caused the plaintiffs to purchase their lots and improve the same, which they would not have purchased without such false representations, and that as a result thereof, the plaintiffs have been damaged by virtue of the decreased value of their properties.
We are of the opinion that the first two counts of the amended complaint state a good cause of action against the defendants, Mr. and Mrs. Bertie and Mr. Addison, for damages resulting from the false and fraudulent misrepresentations. What the proof may show is not a question in this proceedings before us. The counts, however, do not allege any cause of action against the defendants, Mr. and Mrs. Merrit. The Statute of Frauds does not come into play against the false oral representations, resulting only in money damages. These two counts seek damages, not easements or other claims against the land. Therefore, the order dismissing the complaint in all counts as to all defendants is reversed as to Counts I and II as the same applies to the defendants, Mr. and Mrs. Bertie and John Addison, but the order is affirmed as to the defendants, Mr. and Mrs. Merritt as to the whole complaint as well as to the other defendants as to Counts III and IV.
Reversed in part and affirmed in part, and remanded for further proceedings not adverse to this opinion.
SPECTOR, C.J., and RAWLS, J., concur.