■ EUGENE E. SOLON, Respondent, v JONES & LAUGHLIN STEEL CORPORATION et al., Appellants.—Appeal from so much of an order of the Supreme Court at Special Term, entered April 1, 1975 in St. Lawrence County, as denied defendants' motion for partial summary judgment as to the individual defendants. The underlying action is one for false arrest and malicious prosecution, wherein, among other things, plaintiff seeks to recover lost wages. There is no serious dispute about the facts. At the time the alleged cause of action arose, plaintiff and the individual defendants were employed by the corporate defendant. On March 22, 1973 the individual defendants apprehended plaintiff on company property and charged him with commit-

ting, or attempting to commit, larceny of company gasoline. As a result of such charge, plaintiff was discharged on March 27, 1973. He was subsequently tried and found not guilty of the charge. He sought reinstatement which was denied. Thereafter, pursuant to a union contract, he initiated arbitration as to his discharge. The issue submitted to the arbitrator was whether the discharge and subsequent refusal to reinstate plaintiff were procedurally correct. The arbitrator determined that plaintiff was entitled to be reinstated in his job but that he had no claim for back pay. In the instant action defendants pleaded the arbitration award as a complete defense and moved for partial summary judgment. Special Term granted the motion to the extent that plaintiff's claim for lost wages against the corporate defendant should not be deemed as a separate item of damages for false arrest or malicious prosecution, but denied the motion as to the individual defendants. This appeal ensued. Special Term, in our view, properly concluded that since the individual defendants were not parties to the arbitration proceedings, the award therein denying a claim for back wages is not a defense as to them. The order, therefore, should be affirmed. Order affirmed, with costs. Greenblott, J. P., Sweeney, Main, Herlihy and Reynolds, JJ., concur.