362 So.2d 997 (1978)
William RANEY, D/B/a Krone Avenue Nursery, Appellant,
v.
JIMMIE DIESEL CORP. et al., Appellees.
No. 77-1865.
District Court of Appeal of Florida, Third District.
September 26, 1978.
Rehearing Denied October 20, 1978.
Richard M. White, Miami, for appellant.
Brumer, Moss, Cohen & Rodgers and David H. Burstyn, Gilbride & Heller and Lawrence R. Heller, Miami, for appellees.
Before PEARSON, HUBBART and KEHOE, JJ.
KEHOE, Judge.
Appellant, plaintiff below, brings this appeal from an order titled order on all pending motions to dismiss dated July 25, 1977, entered by the trial court pursuant to appellees', defendants below, motions to dismiss the amended complaint. The order dismissed with prejudice Counts I, II, IV, and V of appellant's amended complaint. We reverse.
Counts I and II of the amended complaint attempted to state a cause of action against appellee Jimmie Diesel Corporation for breach of contract and negligence, respectively. Counts IV and V of the amended complaint attempted to state a cause of action against appellee Miller Bearings of Orlando, Inc., for breach of contract and negligence, respectively. Both appellees filed motions to dismiss appellant's amended complaint. Except as to Count III of the amended complaint which sought specific performance, the trial court entered the order appealed dismissing with prejudice the amended complaint.
*998 Basically, the function of a motion to dismiss a complaint is to raise as a question of law the sufficiency of the facts alleged to state a cause of action. A court is not permitted to speculate as to whether a plaintiff will be able to prove the allegations, rather a court is required to accept all well pleaded allegations contained in the complaint as true. See, e.g., Pizzie v. Central Bank and Trust Co., 250 So.2d 895 (Fla. 1971); Connolly v. Sebeco, 89 So.2d 482 (Fla. 1956); and Johnson v. Southern Bell Telephone and Telegraph Co., 169 So.2d 36 (Fla.3d DCA 1964). The elements of a cause of action for breach of contract are set forth, e.g., in Cook v. Underwriters National Assurance Co., 221 So.2d 18 (Fla. 3d DCA 1969); the elements for a cause of action for negligence are set forth, e.g., in Lake Parker Mall, Inc. v. Carson, 327 So.2d 121 (Fla. 2d DCA 1976).
Applying the principles set forth above, in the light of the requisite elements of causes of action for breach of contract and for negligence, contrary to the trial court's determination, we are of the opinion that appellant's amended complaint in Counts I and IV set forth causes of action for breach of contract and in Counts II and V causes of action for negligence against appellees. Accordingly, the order appealed is reversed and the cause is remanded for further proceedings consistent with this opinion. This opinion should not, in any way, he considered in passing upon the ability of appellant to prove or fail to prove the allegations set forth in his amended complaint.
In view of our opinion expressed above, it is unnecessary to consider the other points raised by appellant on appeal.
Reversed and remanded.