388 So.2d 269 (1980)
William H. ARNOLD, Appellant,
v.
James A. WECK, Weck and Stone, P.A., Joseph A. Hubert, Individually, and Welcom H. Watson, Joseph Hubert, Michael K. Davis, Thomas L. Salle, Thomas M. Clark d/b/a Watson, Hubert & Davis, Appellees.
No. 79-482.
District Court of Appeal of Florida, Fourth District.
August 27, 1980.
Rehearing Denied October 17, 1980.
Steven R. Reininger of Tew, Critchlow, Sonberg & Traum, P.A., Miami, for appellant.
William D. Ricker, Jr. of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees James A. Weck and Weck & Stone, P.A.
HURLEY, Judge.
This is an appeal from the dismissal of appellant's complaint with prejudice for failure to state a cause of action. The complaint consisted of three counts. We affirm as to Counts I and III, but find that the allegations of fraud and deceit contained in Count II are sufficient to withstand the motion to dismiss.
The facts relevant to Count II are concise. Appellee/attorney Weck represented a judgment creditor in a collection suit against appellant. In his representative capacity, Weck executed a satisfaction of judgment in settlement of his client's claim against appellant. This settlement, however, was subsequently repudiated by the judgment creditor and the satisfaction of *270 judgment was vacated. In its order granting the motion to vacate, which order is attached to the complaint and thus made a part thereof,[1] the court stated that it found no evidence of appellee/attorney's authority to settle or satisfy the judgment against appellant on behalf of his client. On this basis, appellant sought damages against Week for fraud and deceit alleging, in part:
That Defendant WECK represented to Plaintiff ARNOLD that he had the full authority of his client to enter into a full compromise and settlement of the judgment for an amount substantially less than the full amount and to enter into a satisfaction of judgment to affirm said settlement, when in fact no such authority had been granted.
That the plaintiff relied to his detriment on the representations of Defendant WECK and agreed via his counsel to the settlement, thereby paying the approximate amount of $6,600.00 and dismissing with prejudice another pending lawsuit. That the acts and representations of Defendant WECK were fraudulent, intentional, malicious and/or done with wanton and careless disregard for the rights of the plaintiff for reasons including but not limited to the defendant's desire to recoup his costs and attorneys fees expended in the prolonged litigation, including appeals which preceded the "settlement" in 1972, and the plaintiff has suffered damages as a result.
It is well-settled that on a motion to dismiss a complaint for failure to state a cause of action, all material allegations of the complaint are taken as true. Mill v. Ball, 372 So.2d 497 (Fla. 1st DCA 1979); Raney v. Jimmie Diesel Corp., 362 So.2d 997 (Fla. 3d DCA 1978); Temples v. Florida Industrial Constr. Co., 310 So.2d 326 (Fla. 2d DCA 1975); Geer v. Bennett, 237 So.2d 311 (Fla. 4th DCA 1970). In ruling on such a motion, the court is not permitted to speculate as to whether the allegations will ultimately be proven, but rather is confined to the issue of whether the complaint states a valid cause of action. Raney v. Jimmie Diesel Corp., supra; Elliott v. Hernando County, 281 So.2d 395 (Fla. 2d DCA 1973); Nantell v. Lim-Wick Constr. Co., 228 So.2d 634 (Fla. 4th DCA 1969). To do so in an action for fraud and deceit, the complaint must allege: (1) a representation by the defendant aimed at prompting action by the plaintiff; (2) the falsity of the representation and the defendant's knowledge of such falsity; and (3) plaintiff's reliance on the representation to his detriment. American Int'l Land Corp. v. Hanna, 323 So.2d 567 (Fla. 1975).
The required elements of a representation by the defendant, its falsity, and the plaintiff's reliance thereon to his detriment, are pled explicitly in Count II. Thus, the pivotal issue on this appeal is whether the remaining element of the defendant's knowledge of the falsity of the representation is adequately set forth in the allegations. We answer in the affirmative by employing the rule that a motion to dismiss "... admits as true all well pleaded facts as well as all reasonable inferences arising from those facts."[2] We find that the remaining element is discernible with reasonable certainty from the allegations that appellee concluded a settlement agreement "... when in fact no such authority had been granted," and that appellee's "... acts and representations were fraudulent, intentional, malicious... ." Thus, the element of knowledge is apparent though not properly stated.
Accordingly, the trial court's order dismissing appellant's complaint with prejudice is affirmed as to Counts I and III, and reversed and remanded as to Count II.
LETTS, C.J., and DOWNEY, J., concur.
NOTES
[1] Rule 1.130(b), Fla.R.Civ.P.; Harry Pepper & Assoc., Inc. v. Lasseter, 247 So.2d 736 (Fla. 3d DCA), cert. denied, 252 So.2d 797 (Fla. 1971).
[2] Poulos v. Vordermeier, 327 So.2d 245 (Fla. 4th DCA 1976).