PER CURIAM.
We reverse the trial court’s order which dismissed with prejudice the mother’s independent action to set aside a Florida final judgment awarding custody of the parties’ children to the father. The mother’s petition, the allegations of which must be taken as true, Raney v. Jimmie Diesel Corp., 362 So.2d 997 (Fla. 3d DCA 1978); Temples v. Florida Industrial Construction Co., 310 So.2d 326 (Fla. 2d DCA 1975); Hembree v. Reaves, 266 So.2d 362 (Fla. 1st DCA 1972); Bond v. Koscot Interplanetary, Inc., 246 So.2d 631 (Fla. 4th DCA 1971), set forth that at the time of the father’s petition upon which the Florida court acted, the minor children had resided within the State of Florida for three days; New Jersey was the home state of the children; proceedings respecting the custody of the children had been commenced in New Jersey; the children had no significant connection with the State of Florida, and no substantial evidence concerning the children was available in Florida; and no emergency threatening the health and welfare of the children existed. The mother’s petition further alleged that the Florida court entered its final judgment after a New Jersey court had awarded custody of the children to the mother. The foregoing allegations taken together state a cause of action that the Florida court lacked subject-matter jurisdiction when it entered its final judgment awarding custody to the father, Uniform Child Custody Jurisdictional Act, § 61.-1302-1348, Fla.Stat. (1981), and dismissal of the action was unwarranted.
Reversed and remanded.