432 So.2d 183 (1983)
Harry CHAIRES, Ellen Chaires and Chaires Circle C. Beef and Farm, Inc., Appellants,
v.
NORTH FLORIDA NATIONAL BANK, Appellee.
No. AN-93.
District Court of Appeal of Florida, First District.
May 25, 1983.
*184 Donald M. Hinkle, of Green & Fonvielle, P.A., Tallahassee, for appellants.
R. Vinson Barrett, of Barrett, Bajoczky & Barrett, Tallahassee, for appellee.
NIMMONS, Judge.
Appellants, plaintiffs below, appeal from an order of the trial court dismissing with prejudice four of the five counts of the plaintiffs' Third Amended Complaint. This court, by previous order, dismissed the appeal as to Count I, leaving at issue on appeal the propriety of the trial court's dismissal of Counts II, III and V. Count IV, sounding in negligence, was not dismissed and is therefore not at issue on this appeal.
The order of dismissal was predicated upon the ground that certain of the counts failed to state causes of action. Of course, in considering a motion to dismiss, the trial court is confined to the allegations contained within the four corners of the complaint, e.g. Corbett v. Eastern Air Lines, Inc., 166 So.2d 196, 203 (Fla. 1st DCA 1964), and all allegations in the complaint must be accepted as true. E.g. Padgett v. School Board of Escambia County, 395 So.2d 584 (Fla. 1st DCA 1981). The function of a motion to dismiss a complaint is to raise as a question of law the sufficiency of the facts alleged to state a cause of action, and a court is not permitted to speculate as to whether a plaintiff has any prospect of proving the allegations. Raney v. Jimmie Diesel Corp., 362 So.2d 997, 998 (Fla. 3d DCA 1978); accord, Connelly v. Merritt, 273 So.2d 7, 8 (Fla. 1st DCA 1973).
Count II purports to state a statutory cause of action for treble damages for theft pursuant to Section 812.035(7), Fla. Stats. Count III purports to state a cause of action for fraud and deceit. Contrary to the trial court's determination, we are of the view that Counts II and III are sufficient to allege causes of action under the above theories.
In part, appellee, defendant below, argues that Count III was properly dismissed because it was based upon an alleged promise by the defendant to provide "long term, low interest financing" as described in paragraph 18 of the complaint. Appellee asserts that the "statute of frauds," § 725.01, Fla.Stats., precludes recovery because the alleged promise constituted an oral agreement performance of which was not limited to one year. However, Count III is not an action based directly or indirectly on a breach of contract. Compare Canell v. Arcola Housing Corp., 65 So.2d 849 (Fla. 1953). The alleged promise referred to in paragraph 18 was only one of a series of acts allegedly committed by the defendant constituting the alleged fraudulent scheme. See Connelly v. Merritt, 273 So.2d 7 (Fla. 1st DCA 1973).
Count V of the complaint alleges that the defendant bank wrongfully paid *185 certain described bank drafts and a cashier's check which were not properly endorsed and that the bank deducted from plaintiffs' business account funds with which to pay those instruments. A description of the dates and amounts of the drafts are attached as an exhibit to Count V. If the plaintiffs have received the benefit of any or all of such alleged wrongful payments as defendant suggests, such may be the subject of an appropriate defensive pleading. However, we are of the view that the allegations of Count V are sufficient to state a cause of action for the bank's alleged wrongful payment of the instruments.[1]
Finally, we feel constrained to address a pleading practice followed by some practitioners which practice compounds the problems of the trial court and opposing counsel in sorting out the various causes of action asserted in multi-count complaints. The complaints which preceded the "Third Amended Complaint" were drafted in such a manner that each succeeding count incorporated by reference not only the paragraphs contained in the complaint's preliminary allegations but also all of the paragraphs contained in each of the preceding counts. Such is improper. By the time the beleaguered reader gets to the fifth count, he is having to cope with presumably five causes of action asserted in one count. This practice is an unnecessary hindrance to trial courts' efforts to determine the facial validity of the various causes being asserted and serves only to confuse and delay. In contrast to the plaintiffs' previous pleadings, the Third Amended Complaint does not suffer from the same afflictions and is far less confusing.
For the reasons enunciated above, we reverse the order of dismissal and remand for further proceedings consistent with this opinion.
Reversed and Remanded.
BOOTH and WIGGINTON, JJ., concur.
NOTES
[1] In reversing the dismissal order as to Count V, however, we do so recognizing that the cause of action asserted therein does not support all of that which is claimed in the ad damnum of that count (e.g. treble damages and punitive damages), and that the defendant will be entitled to have the trial court address those matters in an appropriate manner.