441 So.2d 703 (1983)
Diana N. MACIEJEWSKI, Appellant,
v.
William M. HOLLAND, Jr., P.A., William M. Holland, Jr., As President of William M. Holland, Jr., P.A., and Individually, Appellees.
No. 83-443.
District Court of Appeal of Florida, Second District.
December 7, 1983.
J. Scott Taylor, The Legal Center, Tampa, for appellant.
Katherine B. Huppuch of William M. Holland, Jr., P.A., Tampa, for appellees.
SCHOONOVER, Judge.
The appellant, Diana N. Maciejewski, has appealed the trial court's dismissal of her complaint. We find that the complaint states a cause of action for declaratory relief and accordingly reverse.
The controversy between the parties arose out of the appellees' representation of appellant in a dissolution of marriage action. After the dissolution action was concluded, the appellant filed a complaint seeking a declaratory judgment concerning the validity of a promissory note and mortgage she had given to the appellees.
The complaint alleged that the appellee, William M. Holland, Jr., individually and on behalf of the appellee, William M. Holland, Jr., P.A., caused the appellant to execute the promissory note and mortgage in question. It further alleged that the appellant did not remember executing the instruments, copies of which were attached to the complaint. Moreover, because of certain conduct on the part of the appellees, or in the alternative, due to the appellant's state *704 of emotional distress at the time the instruments were executed, the appellant should not be bound by them.
After the appellees' motion to dismiss the complaint for failure to state a cause of action was granted, and the appellant announced that she did not desire leave to amend, the action was dismissed with prejudice, and this appeal timely followed.
In considering a motion to dismiss a complaint for failure to state a cause of action, all material allegations of the complaint are taken as true, and the court is not permitted to speculate as to whether the allegations will ultimately be proven. Arnold v. Weck, 388 So.2d 269 (Fla. 4th DCA 1980). In reviewing the appellant's complaint in light of this rule, we find it states a cause of action for declaratory relief.
We recognize that the declaratory judgment act is not to be used as a tool to advise attorneys as to the proper path to pursue. Kelner v. Woody, 399 So.2d 35 (Fla. 3d DCA 1981). However, the existence of another remedy does not preclude a judgment for declaratory relief. § 86.111, Fla. Stat. (1981). Accordingly, the appellant cannot be precluded from proceeding in this action merely because she may have been able to file an action either for cancellation of the note and mortgage, or for breach of the contract between her and the appellees.
The appellant has alleged in her complaint doubts as to the validity of the note and mortgage, and this court has held that the determination of the validity of a note and mortgage is a proper matter to be considered in a declaratory decree action. Rice v. Fremow, 165 So.2d 447 (Fla. 2d DCA 1964); see also § 86.021, Fla. Stat. (1981).
We accordingly reverse and remand for proceedings consistent herewith.
BOARDMAN, A.C.J., and GRIMES, J., concur.