457 So.2d 1080 (1984)
VON ENGINEERING COMPANY, a Florida Corporation, Appellant,
v.
R.W. ROBERTS CONSTRUCTION CO., INC., a Florida Corporation, and the American Insurance Company, a New Jersey Corporation, Appellees.
No. 83-1376.
District Court of Appeal of Florida, Fifth District.
September 13, 1984.
Rehearing Denied October 19, 1984.
*1081 Edward A. Dion, Orlando, for appellant.
Michael B. Jones of Stanley, Harmening, Lovett & Livingston, Orlando, for appellee The American Ins. Co.
No appearance for appellee R.W. Roberts Const. Co.
FRANK D. UPCHURCH, Jr., Judge.
Von Engineering Company appeals from a final order dismissing its amended complaint against The American Insurance Company. Von Engineering filed a complaint against R.W. Roberts Construction Company, Inc. and The American Insurance Company, seeking confirmation of an arbitration award pursuant to Chapter 682, Florida Statutes. The complaint alleged that in June, 1979, Von Engineering and Roberts executed a subcontract whereby Von Engineering agreed to provide steel products for the construction of a building. Roberts was the general contractor on the project. American was surety on a performance/payment bond.
Von Engineering claimed Roberts had not paid for all labor and material it furnished and sued Roberts and American. Roberts and American, represented by the same attorney, moved to compel arbitration. The court granted the motion and directed the parties to proceed with arbitration.
Von Engineering then filed a demand for arbitration naming Roberts as the party upon whom the demand was being made and sent the demand to the attorney. Roberts filed an answer and counterclaimed, but American did not participate. The arbitrator ruled for Von Engineering, but Roberts failed to pay the $18,376.36 awarded by the arbitrator.
American moved to dismiss Von Engineering's present action for confirmation, claiming it was not a party to the arbitration proceedings and the arbitration award was entered solely against Roberts. An *1082 amended complaint was filed alleging that American had notice of the arbitration proceedings and elected not to participate. The sole question is whether the trial court erred in dismissing this amended complaint.
The purpose of a motion to dismiss a complaint is to raise as a question of law the sufficiency of the facts alleged to state a cause of action. Raney v. Jimmie Diesel Corp., 362 So.2d 997 (Fla. 3d DCA 1978). In considering such a motion, the trial court is required to accept all well pleaded allegations in the complaint as true. Id.
Principles of indemnity law hold that when a surety has notice of a suit against the principal and is afforded an opportunity to appear and defend, a judgment rendered without fraud or collusion is conclusive against the surety as to all material questions therein determined. MacArthur v. Gaines, 286 So.2d 608 (Fla. 3d DCA 1973). See also Lake County v. Massachusetts Bonding & Ins. Co., 75 F.2d 6 (5th Cir.1935). A corollary to this principle is that where it is not made to appear that the surety knew of and had an opportunity to defend the suit, then the judgment is prima facie evidence that the surety is liable, sufficient to support a verdict unless it is rebutted by proof that it was obtained through fraud or collusion or that the loss of liability created by the judgment arose from acts other than those indemnified against under the conditions of the bond. Heritage Ins. Co. v. Foster Elec. Co., 393 So.2d 28 (Fla. 3d DCA 1981). See also Lake County v. Massachusetts Bonding. In this case, Von Engineering alleged that American had actual knowledge of the arbitration proceeding and was afforded an opportunity to defend but chose not to do so. Under MacArthur and Lake County, the arbitration award would be conclusive against American if such allegations were proved and it was error for the lower court to dismiss the complaint.
American argues that none of the cases above involved application of the common law indemnity principles to arbitration proceedings or awards where the surety was not a party. American claims that under principles governing arbitration proceedings, the arbitration award cannot be enforced against it since it was not a party to the proceeding. See, e.g., Solon v. Jones & Laughlin Steel Corp., 53 App.Div.2d 964, 385 N.Y.S.2d 837 (1976); Overseas Distributors Exch. v. Benedict Bros. & Co., 5 App.Div.2d 498, 173 N.Y.S.2d 110 (1958) and Hosek Mfg.-Overland Foundry Co. v. Teats, 107 Colo. 200, 110 P.2d 976 (1941), which stand for the proposition that an arbitration award cannot be enforced against one who was not a party to the arbitration proceeding.
It is true, as American asserts, that in arbitration proceedings, persons whose rights are affected have a right to be heard and to present evidence after reasonable notice. Cassara v. Wofford, 55 So.2d 102, 106 (Fla. 1951). See also Tassinari v. Loyer, 189 So.2d 651 (Fla. 2d DCA 1966); § 682.06 Fla. Stat. (1983). However, this same principle of due process applies in all judicial proceedings. See Cassara, 55 So.2d at 106. The common law nevertheless recognizes that in certain situations such as where indemnity agreements are involved, a judgment against the indemnitee or principal may be conclusive (or even prima facie evidence) against the indemnitor or surety even though the latter did not participate in the earlier proceedings. American proffers no argument as to why such common law principles comport with due process in a judicial setting but would violate due process if applied to an arbitration award and we can think of none.
REVERSED.
COBB, C.J., and ORFINGER, J., concur.