464 So.2d 1292 (1985)
Fritz L. FRUGOLI, Appellant,
v.
WINN-DIXIE STORES, INC., and Jerry Kelly, Appellees.
No. AY-191.
District Court of Appeal of Florida, First District.
March 7, 1985.
*1293 Rodney W. Smith of Smith, Saier & Bryant, Alachua, for appellant.
Richard L. Randle of Slater, & Randle, Jacksonville, for appellee Winn-Dixie Stores, Inc.
WIGGINTON, Judge.
Appellant appeals the trial court's dismissal with prejudice of his first amended complaint against appellee, Winn-Dixie Stores, Inc. We affirm the order of dismissal but reverse the trial judge's dismissal with prejudice as to counts II and III of the complaint relating to Winn-Dixie and remand with directions that appellant be given an opportunity to file a second amended complaint.
Unlike counts I and IV, counts II and III state a cause of action against appellee Winn-Dixie sufficient to withstand a motion to dismiss with prejudice. However, the first amended complaint suffers from certain defects which mandate amendment. First, the complaint was drafted in such a manner that each succeeding count incorporated by reference not only the paragraphs contained in the complaint's preliminary allegations but also all of the paragraphs contained in each of the preceding counts. That type of pleading practice is improper. See Chaires v. North Florida National Bank, 432 So.2d 183 (Fla. 1st DCA 1983). Secondly, although appellant has alleged bare facts sufficient to withstand a motion to dismiss without leave to amend his various counts, his complaint does not contain sufficient ultimate facts to which appellees can adequately respond.
In light of the liberal amendment policy of Florida Rule of Civil Procedure 1.190, we remand this case to the trial court to allow appellant the opportunity to amend his complaint. We direct that appellant may file his second amended complaint in conformity with this opinion within twenty days of the date of issuance of this Court's mandate, and failing such the trial court's order of dismissal with prejudice shall stand.
Affirmed in part, reversed in part, and remanded.
WENTWORTH and THOMPSON, JJ., concur.