PER CURIAM.
The appellees have not shown conclusively, as was their burden when they sought a summary judgment, that the appellants did not rely on the appellees’ alleged misrepresentation that the properties being sold were “up to grade,” that is, of sufficient elevation as to permit construction without adding fill. That being the case, and there being no other basis upon which the summary judgment can be sustained,[1] we are compelled to reverse the summary judgment in favor of appellees.
Reversed and remanded.
HUBBART and DANIEL S. PEARSON, JJ., concur.
HENDRY, J., dissents.

. For example, the fact that the written contract between the parties does not contain this representation is not dispositive of appellants’ claim that the contract was fraudulently induced by the representation. See Tinker v. DeMaria Porsche Audi, Inc., 459 So.2d 487 (Fla. 3d DCA 1984) (where fraud in inducement alleged, parol evidence rule inapplicable); Connelly v. Merrit, 273 So.2d 7 (Fla. 1st DCA 1973) (statute of frauds does not bar proof of oral misrepresentation inducing contract). Likewise, there is a genuine issue of fact as to whether the appellants acted with reasonable promptness in seeking to rescind the contract upon discovery of the alleged misrepresentation. And, finally, the ap-pellees' claim that the summary judgment in their favor is supportable on grounds of res judicata or collateral estoppel is a claim that was never raised below and may not, therefore, be raised for the first time here.