ALMON, Justice.
This appeal is from a summary judgment for the defendant in an action arising from a contract for long-distance telephone service. The issues are whether summary judgment was appropriate for the defen *1024 dant on the plaintiff’s claims for breach of contract, negligence, gross negligence, and willful and wanton conduct.
Byron J. Purcell was the owner of Custom Lighting and Video Supply. In April 1986 Purcell and a representative of Advanced Telecommunications Corporation (“ATC”) discussed the possibility of Purcell’s purchasing a specialized long-distance telephone service for his business. An agreement was reached in which ATC would provide a telephone service known as “TMC 800 + 3.” With this service, the number 1-800-634-3322, extension 121, was assigned to Purcell. This service allowed Purcell’s customers to call his business by dialing 1-800-634-3322, awaiting a second dial tone, and then dialing 121.
Sometime in 1986, ATC recognized that the analog switching mechanism serving customers in the Birmingham area was becoming technologically antiquated. ATC decided to upgrade its system by purchasing and installing a new and technologically advanced digital switching mechanism. With the new system, if someone dialed on the TMC 800 + 3 system an extension beginning with a “zero” or a “one,” the new switching mechanism would read the action as an attempt to access another long-distance trunk line or an attempt to reach operator assistance rather than activate ATC’s access code number system. As a result, those customers whose extension numbers began with a “zero” or a “one”, such as Purcell, were assigned new extension numbers. Of 4,300 ATC customers in the Birmingham area, only 37 were affected by the change. Purcell objected to the change because all of his customers and some potential customers had been given his old extension number. In an effort to solve this problem, ATC offered to write a letter to each of Purcell’s customers or to telephone each of Purcell’s customers at ATC’s expense and inform them of the change. Purcell did not accept this offer. The change in the system was completed by ATC, and Purcell instituted this action.
Purcell first contends that the trial court erred in entering summary judgment in favor of ATC on the contract claim.
Purcell argues that he had a contract with ATC that provided that he would have the use of a particular extension number, 121.
We find nothing in the tariffs granted to ATC by the Alabama Public Service Commission that is dispositive of this issue. Likewise, the cases concerning the failure to include listings in the telephone directory published by telephone companies, such as Morgan v. South Central Bell Telephone Co., 466 So.2d 107 (Ala.1985), do not seem dispositive of this issue.
Our search of the case law has revealed but one case on this issue, Clayton Home Equipment Co. v. Florida Telephone Corp., 152 So.2d 203 (Fla.Dist.Ct.App.1963). The facts in Clayton Home are very similar to the facts in the present case. The plaintiff was in the business of selling appliances and fixtures at retail and wholesale in its home county and adjoining counties. The plaintiff and defendant entered into an agreement whereby the defendant installed a telephone in the plaintiff’s place of business and assigned a number thereto. In reliance on that agreement, the plaintiff advertised and publicized the assigned telephone number by radio, newspaper, and handbills; had business stationery printed that included the telephone number; and prepared other advertising campaigns that included the telephone number. Five months after the number was assigned to the plaintiff, the defendant changed the number.
The Florida court held that the telephone company could be held liable in such a case, stating:
“The telephone number assigned to and accepted by one who contracts for telephone services becomes a valuable business asset in the hands of the subscriber, to which he is entitled as a matter of contract, and he cannot be deprived thereof without just cause depending on the particular facts and circumstances in each case.”
152 So.2d at 204. Without adopting the entire rationale of the Florida court, we consider the approach taken by that court to be appropriate.
*1025 We must now determine whether the evidence presents a question of fact as to whether ATC had just cause under the particular facts and circumstances of the case for changing Purcell’s extension number. We hold that it does not. The evidence was undisputed that ATC’s customers were experiencing problems because of antiquated equipment. Incoming calls were being routed to the wrong party; telephone calls that were in progress were being disconnected; customers were experiencing “bad connections,” where their calls were being interrupted by static; and ATC had received other complaints about the quality of its service as a result of the old switching equipment. ATC decided to improve its service to its customers by installing a new switching system. As a result of the change, ATC was forced to change the numbers of 37 of its customers. When Purcell complained, ATC made reasonable offers to help inform his customers of his new number. In short, the uncontra-dicted evidence shows that the changes in the system were made for legitimate reasons in an effort to improve and modernize the system. We hold, as a matter of law, that these reasons constituted just cause to change Purcell’s number and, along with ATC’s offer to notify Purcell’s customers of the change, entitled ATC to a judgment under the facts and circumstances of this case.
Purcell also devoted a portion of his brief to an attempt to sustain a tort claim. We do not see any merit in this argument.
For the foregoing reasons, the trial court did not err in entering summary judgment for ATC.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.