PER CURIAM.
Appellant seeks review of a trial court order granting Coconut Grove Family Health Center’s motion to dismiss her second amended complaint with prejudice.
Appellant sustained injuries when she tripped and fell on a crack in a sidewalk as she was leaving the Coconut Grove Family Health Center. Appellant’s complaint in pertinent parts reads:
1. This is an action for damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).
2. Plaintiff tripped and fell on a crack in the sidewalk located approximately ten feet inside the fence/gate entrance to the Coconut Grove Family Health Center.... said area where plaintiff fell was maintained at all times material to the Complaint herein by Defendant Coconut Grove Family Health Center, Inc., ...
5. Plaintiff injured her right knee requiring surgery and injured other parts of her party ...
7. The crack on the sidewalk where plaintiff fell had existed since approximately 1986. The crack was on the walkway to and from the Defendant Coconut Grove Family Health Center, Inc. Agents, ser *291 vants and/or employees of the Coconut Grove Family Health Center, Inc., a Florida non-profit corporation, had full knowledge that the crack in the sidewalk/walkway existed since 1986 and this Defendant took no steps whatsoever to fix the crack in the sidewalk or to warn the plaintiff and other patients of the health center of the dangerous condition that existed ...
8. Said accident was caused by and through the negligence of the Coconut Grove Family Health Center, Inc., ... in that it knew that the crack existed, and it took no steps whatsoever to fix the crack in the sidewalk or to warn the Plaintiff or other patients of the health center of the crack in the sidewalk. Defendant Coconut Grove Family Health Center, Inc., was further negligent in not keeping the area where Plaintiff fell, which was on the walkway to and from the health center, in a reasonably safe condition for the Plaintiff and other patients of the health center ... Defendant Coconut Grove Family Health Center, Inc., breached its duty to the Plaintiff, a patient of the Health Center, to warn her of a dangerous condition that existed on the walkway to and from the health center.
The trial judge dismissed appellant’s second amended complaint for failure to state a cause of action.
We reverse the trial judge’s dismissal and hold that the above quoted allegations are sufficient to state a cause of action.[1] See Chaires v. North Florida Nat. Bank, 432 So.2d 183 (Fla. 1st DCA 1983); Raney v. Jimmie Diesel Corp., 362 So.2d 997 (Fla. 3d DCA 1978); Lake Park Mall, Inc. v. Carson, 327 So.2d 121 (Fla. 2d DCA 1976).
Reversed and remanded for further proceedings.

. This opinion and decision shall not be construed to prevent the trial court from entertaining a motion for summary judgment on behalf of the appellee, defendant in the trial court.