757 So.2d 1253 (2000)
Anthony ATTANASIO and Roxanne Attanasio, Joseph and Donna Walker, Mark and Lori Antecki, Bruce and Charlene Fisher, Charles and Margaret Ciccone, Greg and Margaret Haley, Herbert and Rosalie Pachtinger, Fereidoun And Lutecia Mansouri, Michael and Michele Dowling, Scott and Jan Wauters, Jean-Jacques and Charlene Volker, John and Vicki Haas, and Joaquin and Vicki Oti, Appellants,
v.
EXCEL DEVELOPMENT CORPORATION, Excel Development Corporation as General Partner of Excel Harbour Limited Partnership, a Florida limited partnership, and Excel Development Corporation, as general partner of Excel Harbour Limited Partnership, a Delaware limited partnership, Appellees.
No. 4D99-2771.
District Court of Appeal of Florida, Fourth District.
May 10, 2000.
Denise S. Calegan and John T. Mulhall, III, of Rutherford, Mulhall & Wargo, P.A., Boca Raton, for appellants.
Ignacio G. Zulueta of Ignacio G. Zulueta, P.A., Miami, for appellees.
SHAHOOD, J.
Appellants, Anthony Attanasio, Roxanne Attanasio, Joseph Walker, Donna Walker, Mark Antecki, Lori Antecki, Bruce Fisher, Charlene Fisher, Charles Ciccone, Margaret Ciccone, Greg Haley, Margaret Haley, Herbert Pachtinger, Rosalie Pachtinger, Fereidoun Mansouri, Lutecia Mansouri, Michael Dowling, Michele Dowling, Scott Wauters, Jan Wauters, Jean-Jacques Volker, Charlene Volker, John Haas, Vicki Haas, Joaquin Oti, and Vicki Oti (collectively "appellants") filed a seven-count complaint against Excel Development Corporation, Excel Development Corporation as general partner of Excel Harbour Limited Partnership, a Florida limited partnership, and Excel Development Corporation, as general partner of Excel Harbour Limited Partnership, a Delaware limited partnership (collectively, "Excel") alleging, among other things, that Excel fraudulently induced appellants to enter into real estate contracts, and made negligent misrepresentations concerning the real estate ultimately purchased by appellants. The alleged misrepresentations were
1. that there would be a 30-foot easement at the rear part of appellants' lots,
2. that appellants would have use of the canal bordering the rear of their lots,

*1254 3. that the wooded area to the rear of appellants' lots would be allowed to grow and act as a natural buffer, and
4. that the maintenance fees paid to the Mission Bay Homeowners' Association would cover the costs for water usage on the underground sprinkler system which was a standard feature on the Harbour Springs homes, and that the sprinkler system obtained water from the various lakes in the area.
Excel affirmatively defended the complaint arguing that the claims were barred by the Statute of Frauds. Excel then moved for partial summary judgment on the fraud and negligent misrepresentation counts on the basis that the claims were barred by the Statute of Frauds. For purposes of the motion for summary judgment, Excel stipulated to (1) the misrepresentations, (2) the fact that appellants were induced by the misrepresentations into entering into their contracts, (3) the fact that a majority of the trees in the wooded area were being removed, and (4) the fact that a six-foot opaque fence had been installed at the edge of each lot along the canal. Excel also did not contest the following deposition testimony of Anthony Attanasio, and any similar testimony of other plaintiffs, which formed the basis for the fraud and negligent misrepresentations counts:
a. that there would be a twenty-five (25) foot landscape buffer easement at the rear part of the lot;
b. that he would have the use of the land behind his house that bordered the canal, as well as use of the canal itself;
c. that the wooded area to the rear of his lot would be allowed to grow and act as a natural buffer, and that the trees growing there would not be removed;
d. that the sprinkler system for his lot would obtain water from the canal or a nearby lake, which would prove beneficial because it would free him from any water bills
e. Because of the purported benefit provided by the canal lots, the Defendants were charging a lot premium
f. The lot premium originally charged for Mr. Attanasio's lot was $11,000. Although Mr. Attanasio advised the sales agent that this price was too high, the agent explained that "it was well worth it because you had access to the canal and a lot of benefits that you wouldn't have on another lot." To avoid losing the sale, the agent said he'd "do (Mr. Attanasio) a favor" and reduce the premium to $8,000.00."
Excel also alleged in its motion that there was no genuine issue of material fact in that the purchase agreement stated the following:
a. This agreement constitutes the entire Agreement between the parties. All amendments, supplements, or riders hereto, if any, shall be in writing and executed by both parties. (¢-¶ 13.¢-8).
b. Oral representations cannot be relied upon as binding the Seller or as correctly stating representation of the Seller. (¢-¶ 12.¢-5).
Appellants' position in opposition to the motion for partial summary judgment was that the statute of frauds was not applicable because they were alleging that appellees engaged in tortious conduct prior to, and distinct from, the performance of the contract, and appellants were not seeking enforcement of the oral promises.[1] Following a hearing, the court entered an order granting partial summary judgment in favor of Excel. The court ruled that, even assuming Excel did make material *1255 misrepresentations which induced appellants to enter into the contracts, the statute of frauds barred their suit for damages representing the difference between the value of the lots as represented and the value as they were delivered. The court found that the facts of this case were strikingly similar to the facts of the 1953 Florida Supreme Court case of Canell v. Arcola Housing Corp., 65 So.2d 849 (Fla. 1953), and that case controlled.
In Canell, appellants had filed a complaint for fraudulent misrepresentations made by the seller of property, which allegedly induced the appellants to purchase the land for a sum which was $2,000 in excess of the value of the lots without the improvements promised by the seller. Id. at 850. The oral representation was that a bathing beach facility would be installed, and that the proximity of the facility to the appellants' lots would enhance the value of their land. Id. When it became apparent that the developer did not plan to construct the facility as promised, appellants filed suit.
The trial court dismissed the action. The supreme court concluded that the promise to build the bathing facility constituted a promise to create an easement, and affirmed the dismissal holding,
[w]hile it is contended by plaintiffs that they are suing for damages for fraud and deceit, such an action under the circumstances of this case is simply an attempt in an indirect manner to obtain damages for breach of the contract. Since the provision in the statute [of frauds] prohibiting any action to be brought on an oral contract within the statute includes actions based indirectly on the contract, "an action for damages cannot be maintained on the ground of fraud in refusing to perform the contract, even though the defendant at the time of the making of the oral contract may have had no intention of performing it."
Id. at 851 (citations omitted); see also Puff `N Stuff of Winter Park, Inc. v. Bell, 683 So.2d. 1176, 1177 (Fla. 5th DCA 1996)(oral promise to loan money cannot be construed as fraud in the inducement in order to avoid application of the banking statute of frauds, section 687.0304, which requires that credit agreements be in writing).
Appellants argue that Canell is distinguishable from the facts of this case because, in this case, the misrepresentations did not concern promises to perform in the future, but rather, related to existing benefits of the property. Thus, appellants argue, while Canell was correctly decided on those facts because the buyers in that case did not have a cause of action for fraud based upon the oral promise, see Thor Bear, Inc. v. Crocker Mizner Park, Inc., 648 So.2d 168 (Fla. 4th DCA 1994)(oral promise to do something in the future is not an actionable fraud), Canell does not support dismissal in this case because the misrepresentations do not arise from appellees' failure to perform future oral promises. In addition, appellants argue that Canell may not be applicable because several of the misrepresentations did not constitute promises to make an easement. We agree.
In Bird Lakes Development Corp. v. Meruelo, 626 So.2d 234, 235 (Fla. 3d DCA 1993), the sellers falsely represented that the lots had sewer lines running to them and that there were plans to provide sewers to the sites. The court held that the oral promise to provide sewers to the site did not convey a property interest to appellee; therefore, the action was not barred by the statute of frauds. Id. at 235. The contract to construct the sewers was collateral to, but independent of, the contract of sale. Id. Consequently, the merger clause in the contract of sale would not be applicable to the sewer construction. Id. at 238.
Similarly, in Connelly v. Merritt, 273 So.2d 7 (Fla. 1st DCA 1973), the buyers had purchased land based on the sellers' false representation that they, as owners of the lakefront, would keep the lot to be *1256 `perpetually reserved and maintained by the defendants for the exclusive use of the plaintiffs and all of the other property owners who took title through the defendants'. Id. at 8. The court held that, based on this representation, the buyers had stated a good cause of action against the sellers. Id. The court noted, that the Statute of Frauds was not applicable against the false oral representations because the buyers were seeking only money damages and not easements or any other claims against the land. Id.
As in Bird Lakes, the representations in this case did not purport to convey an interest in the land to the appellants. The oral agreement was collateral to, but independent of the sales contract. As in Connelly, the appellants do not seek easements, but rather, money damages representing the difference between the value of the land as represented and the value of the land as delivered. The trial court erred in granting partial summary judgment based on Canell and the Statute of Frauds.
We, therefore, reverse and remand for a trial on the merits.
REVERSED AND REMANDED.
GUNTHER and GROSS, JJ., concur.
NOTES
[1] Section 725.01, Fla. Stat., the Statute of Frauds, provides in pertinent part as follows:

No action shall be brought ... upon any contract for the sale of lands, tenements or hereditaments, or of any uncertain interest in or concerning them, ... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.