# Third District Court of Appeal

## State of Florida

Opinion filed October 21, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2619
Lower Tribunal No. 12-43792
_____

**The Estate of Robin Bellinger,**
Appellant,

vs.

**Florida Department of Corrections and Miami-Dade County,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Ronald Dresnick, Judge.

Philip D. Parrish; Darren J. Rousso, for appellant.

Dutton Law Group, P.A., and Sheridan Weissenborn, for appellee Florida Department of Corrections.

Before LAGOA, EMAS, and FERNANDEZ, JJ.

PER CURIAM.

Affirmed.

LAGOA and FERNANDEZ, JJ., concur.

**The Estate of Robin Bellinger v. Florida Department of Corrections**
**14-2619**

EMAS, J., dissenting.

I dissent and would reverse the order dismissing with prejudice Count One of the second amended complaint, because the Estate should be given an opportunity to amend the complaint to allege sufficient facts to establish that the Florida Department of Corrections, through its probation officers, had a legal duty to inform the Miami-Dade County Jail of Robin Bellinger's recent suicide attempt and Baker Act commitment.[1]

Count One of the Estate's complaint contains the following well-pleaded factual allegations, which the trial court was required to accept as true for purposes of the motion to dismiss[2]:

Ms. Bellinger was on probation in West Palm Beach for an unrelated criminal case, and was being supervised by Palm Beach County probation officer Joetta Bates, an employee of the Florida Department of Corrections. On December 22, 2009, while on probation and under Ms. Bates' supervision, Ms. Bellinger

---

[1] The Estate filed a two-count complaint: Count One alleges negligence on the part of the Florida Department of Corrections, through its probation officer employees. Count Two alleges negligence on the part of Miami-Dade County, through its agents and employees at the Miami-Dade County Jail. The order on appeal dismissed with prejudice Count One of the second amended complaint. The negligence of Miami-Dade County is not at issue in this appeal.

[2] See Pizzi v. Cent. Bank & Trust Co., 250 So. 2d 895 (Fla. 1971); Raney v. Jimmie Diesel Corp., 362 So. 2d 997 (Fla. 3d DCA 1978). A ruling on a motion to dismiss based on a pure question of law is subject to *de novo* review. The Florida Bar v. Greene, 926 So. 2d 1195 (Fla. 2006).

attempted to commit suicide. Ms. Bates was not simply aware of Ms. Bellinger's suicide attempt: Ms. Bellinger called Ms. Bates and told Ms. Bates she had just swallowed a bottle of Xanax pills and a bottle of Oxycodone pills. Ms. Bates immediately responded to Ms. Bellinger's home and found Ms. Bellinger unconscious and unresponsive. A deputy with the Palm Beach County Sherriff's Office also responded to the house, wrote an incident report, and provided this information and a police case number to Ms. Bates. Ms. Bates remained at Ms. Bellinger's house and observed emergency medical personnel transport Ms. Bellinger to the hospital for treatment. Ms. Bates was also aware that, immediately following emergency treatment, Ms. Bellinger was committed under Florida's Baker Act. See §§ 394.451 et seq., Fla. Stat. (2010).

Six days after her suicide attempt and release from the Baker Act commitment, Ms. Bellinger sought permission to travel to Miami-Dade County to temporarily reside with her aunt. Ms. Bates granted Ms. Bellinger permission to do so and, while in Miami, Ms. Bellinger's supervision was transferred to Jackie Sears, a probation officer in Miami who was also employed by the Florida Department of Corrections. Ms. Sears was aware of Ms. Bellinger's recent suicide attempt and involuntary commitment, or should have been aware of these events from reviewing Ms. Bellinger's probation file.

As part of her probation, Ms. Bellinger was required to enroll in an outpatient drug and mental health

treatment program. However, when Ms. Bellinger reported to the program, she was turned away because she was unable to pay the program enrollment fee. Ms. Bates and Ms. Sears were notified of Ms. Bellinger's failure to enroll in the treatment program, a violation of a condition of her probation.

As a result of her violation of probation (by failing to enroll in the treatment program), Ms. Bellinger was arrested on February 9, 2010 and taken to the Miami-Dade County Jail. Ms. Bellinger was not placed in a safety cell at the jail: the particular cell she was placed in was not equipped with a "safety vent," the installation of which is part of the jail's policy and procedure to prevent inmates from utilizing the air-conditioning unit as a means to commit suicide. On February 11, just two days after her arrest and incarceration, Ms. Bellinger committed suicide in the jail, hanging herself by fastening her bedsheet to an air-conditioning vent within her cell.

The complaint alleges that at no time did either of the two probation officers inform the Miami-Dade County Jail or its personnel that Ms. Bellinger had attempted to commit suicide just fifty days earlier and had been committed under Florida's Baker Act.

The trial court dismissed with prejudice the negligence count against the Florida Department of Corrections, finding that the Estate did not and could not allege a set of facts which would establish that the probation officers had a legal

duty to inform the Miami-Dade County Jail of Ms. Bellinger's recent suicide attempt and Baker Act commitment.

On appeal, the Florida Department of Corrections concedes that if either of the probation officers had *personally* arrested Ms. Bellinger and taken her to the county jail, the probation officers would have had a duty to inform the jail personnel regarding Ms. Bellinger's recent suicide attempt. The Florida Department of Corrections argues however, the probation officers had no duty to inform jail personnel if the probation officers were not the individuals who arrested Ms. Bellinger and transported her to jail.

The Estate concedes there is no evidence that Ms. Bates or Ms. Sears personally arrested Ms. Bellinger or transported her to the jail. It argues, however, that if Ms. Bates or Ms. Sears engaged in actions which they reasonably knew would result in Ms. Bellinger's arrest and confinement, these actions created a foreseeable zone of risk that Ms. Bellinger would attempt to commit suicide once incarcerated at the Miami-Dade County Jail, unless the jail staff was made aware of Ms. Bellinger's recent suicide attempt and Baker Act confinement. I agree and conclude that the trial court erred in dismissing Count One with prejudice. The trial court should have permitted the Estate an opportunity to amend its complaint to allege sufficient facts to establish a legal duty upon the Department of Corrections and its employee probation officers.

5

"[A] legal duty will arise whenever a human endeavor creates a generalized and foreseeable risk of harming others." McCain v. Fla. Power Corp., 593 So. 2d 500, 503 (Fla. 1992). "Where a defendant's conduct creates a *foreseeable zone of risk*, the law generally will recognize a duty placed upon defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses." Id. (quoting J.G. Christopher Co. v. Russell, 58 So. 45 (Fla. 1912)).

> As the Florida Supreme Court has recognized:
>
> An action for negligence is predicated upon the existence of a legal duty owed by the defendant to protect the plaintiff from an unreasonable risk of harm. The extent of the defendant's duty is circumscribed by the scope of the anticipated risks to which the defendant exposes others. In order to prevail in a lawsuit, the plaintiff must demonstrate that he is within the zone of risks that are reasonably foreseeable by the defendant. The liability of the tortfeasor does not depend upon whether his negligent acts were the direct cause of the plaintiff's injuries, as long as the injuries incurred were the reasonably foreseeable consequences of the tortfeasor's conduct. Concord Florida, Inc. v. Lewin, 341 So.2d 242 (Fla. 3rd DCA 1976). If the harm that occurs is within the scope of danger created by the defendant's negligent conduct, then such harm is a reasonably foreseeable consequence of the negligence. The question of foreseeability and whether an intervening cause is foreseeable is for the trier of fact. Gibson v. Avis Rent-A-Car System, 386 So.2d 520 (Fla.1980).

Stevens v. Jefferson, 436 So. 2d 33, 35 (Fla. 1983) (quoting with approval Crislip v. Holland, 401 So. 2d 1115, 1117 (Fla. 4th DCA 1981)) (emphasis added).

The instant complaint fails to allege whether Ms. Bellinger's arrest was the result of actions taken by one (or both)

of the probation officers, or whether Ms. Bellinger was arrested for reasons unrelated to any actions taken by the probation officers. If, for example, the probation officer filed an affidavit of violation of probation and sought the issuance of a warrant for the arrest of Ms. Bellinger (the most common procedure by which a probationer is taken into custody for an alleged violation of probation[3]), this would have predictably led to the arrest of Ms. Bellinger. Such actions of the probation officer, when combined with the knowledge of Ms. Bellinger's recent suicide attempt, created a foreseeable zone of risk and thus a legal duty to act reasonably (for example, by informing jail personnel of Ms. Bellinger's recent suicide attempt and Baker Act commitment), so that jail personnel could take the appropriate precautions to prevent Ms. Bellinger from harming herself. See Dorsey v. Reider, 139 So. 3d 860 (Fla. 2014); Overby v. Wille, 411 So. 2d 1331 (Fla. 4th DCA 1982).

The trial court determined that, as a matter of law, the Department of Corrections was under no legal duty to inform the Miami-Dade County Jail of Ms. Bellinger's recent suicide attempt and Baker Act commitment and that the Estate

---

[3] It is at least arguable that this could reasonably be inferred from the other allegations of the complaint. See Greene, 926 So. 2d at 1199 (in ruling on a motion to dismiss complaint, the trial court must not only accept all well-pleaded allegations as true, but must also construe all reasonable inferences arising therefrom in favor of plaintiff). However, even if this was not a reasonable inference, the Estate should have been permitted the opportunity to amend the complaint to expressly include such an allegation in the complaint, if it could do so in good faith.

could not plead any set of facts to establish the existence of such a duty. I believe that the trial court erred in this conclusion and in dismissing the complaint with prejudice, without permitting the Estate an opportunity to amend. I would therefore reverse the trial court's order dismissing the complaint with prejudice and grant the Estate leave to amend. I therefore respectfully dissent.